■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE SCREVEN, Also Known as LANCE C. SCREVEN, Also Known as LANCE SCREVANE, Appellant. — Judgment of the Supreme Court, New York County (Felice Shea, J.), rendered December 9, 1981, convicting appellant of murder in the second degree and robbery in the first degree and sentencing him to an indeterminate life sentence with a minimum of 18 years, is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered.

Defendant was convicted of the December 8, 1979 murder and robbery of Ramon Diaz. Defendant allegedly acted with two

others who were never apprehended or identified. The sole eyewitness testimony came from William Jenkins, an admitted heroin addict with a lengthy criminal record, who was under the influence of cocaine during the incident and who identified defendant from a photo array and a lineup. Jenkins testified that he encountered defendant on his way up to Diaz's apartment where both men intended to purchase narcotics.

After Diaz opened his apartment door and began discussing a narcotics transaction with Jenkins and defendant, two men, together armed with a shotgun and handgun, approached from a roof stairwell and demanded drugs from Diaz. There was no conversation between defendant and these two robbers. Jenkins testified that he saw defendant back down the stairs a few steps and pull out a knife and later saw him walk up to Diaz and pull a ring from his finger. The two robbers then locked Jenkins in an adjacent apartment used by Diaz to sell drugs. From there Jenkins heard gunshots and footsteps of people running down the stairs. After waiting a period of time Jenkins decided to leave the apartment, and as he did so he took with him a television set. Police officers met him on his way down the stairs and took him back to where Diaz's dead body lay. About two feet from the door of Diaz's apartment, the police discovered two bank deposit slips bearing defendant's name.

Defendant took the stand and presented an alibi defense, corroborated by his wife and mother, all of whom testified that defendant was home the night of the incident. Defendant and his wife also testified that defendant had lost his wallet, which contained the deposit slips, six weeks before the incident. After the prosecutor on cross-examination attacked this story as a recent fabrication, defendant sought to admit into evidence, as a prior consistent statement, an affidavit notarized by his wife's employer, an attorney, which attested to the loss of the wallet and was dated prior to the incident. As the District Attorney, with candor, admits, the trial court erroneously denied defendant's request.

The general rule is that a witness' statements cannot be bolstered by his prior consistent statements. (*People v White*, 57 AD2d 669.) However, if his testimony is assailed as a recent fabrication, it is proper to put into evidence statements made by him before any motive to lie arose and which are consistent with his testimony. (*Supra; see also, People v Kelly*, 38 AD2d 1004, 1005.) Because defendant's testimony was undeniably attacked as a recent fabrication, he should have been permitted to introduce into evidence this written document. A proper foundation had been laid for the affidavit, it was adequately authenticated

and, as the People note, it provided a most trustworthy corroboration of defendant's testimony. Moreover, the evidence was crucial to the defense. The two deposit slips comprised the only evidence corroborating Jenkins' identification of defendant as one of the robbers. It was of the utmost importance to defendant that he be able to support his alibi defense with his explanation for the presence of the deposit slips at the scene of the crime.

Further damaging to defendant's alibi defense was the trial court's erroneous alibi charge, which when considered in conjunction with the above error requires a reversal of this conviction in the interest of justice despite the lack of a proper objection. In relevant portion the court instructed the jury as follows:

"The defendant never has the burden of proof in a criminal case. In all criminal cases the prosecution, at all times, has the burden of proof. And the prosecution must prove Lance Screven guilty beyond a reasonable doubt. The defendant is not required to establish that it was impossible for him to have committed the crime charged in the indictment.

"If the proof as to an alibi in and of itself or when taken into consideration, with all the other evidence in the case, raises a reasonable doubt as to the defendant's guilt of the crime, he's entitled to an acquittal of the crime charged * * * in the indictment.

"On the other hand, if the proof of an alibi does not raise a reasonable doubt in your minds as to the defendants guilt, then you must determine if the People have proven his guilt beyond a reasonable doubt as to the elements of the crimes charged in the indictment as I'm going to instruct you upon them in a few minutes."

Our Court of Appeals has most recently had occasion to determine the propriety of such a charge and has found it unsatisfactory and erroneous. In *People v Victor* (62 NY2d 374, 376-377), the court concluded that language to the effect that a defendant is entitled to an acquittal when the proof as to alibi raises a reasonable doubt and that defendant need not prove it was impossible for him to commit the crime impermissibly implies that the defendant has some burden of proving the truth of the alibi. Contrary to this, an alibi charge must explicitly state that "[t]he People have the burden of disproving an alibi beyond a reasonable doubt". (*Supra,* p 376.) Both these errors require a reversal of the convictions and a new trial. As to defendant's other arguments, we find them to be without merit. Concur — Carro, Bloom, Milonas and Ellerin, JJ.; Kupferman, J. P., concurs in the result only.