OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s suppression motion was supported by an affirmation of defense counsel which, on the issue of standing to challenge the warrantless search, referred only to an allegation in the felony complaint that the evidence was found "in defendant’s apartment”; defendant alleged no present possessory interest in the apartment. Counsel’s reference was insufficient as a factual assertion that defendant had an expectation of privacy in the area searched (see, CPL 710.60 [1]), so as to require a hearing (see, CPL 710.60 [3]). Nor did defendant in his suppression motion contend, as he does now, that his failure to allege facts supporting standing was justified by a fear that such allegations would tend to incriminate him in Canada. Thus, the suppression court appropriately concluded that defendant’s suppression motion should be summarily denied.
Defendant next claims that his conviction of criminal possession of stolen property in the second degree should be reversed because the checks should have been assigned the nominal value of blank checks (which these were at the time of the theft) rather than the amounts on the checks at the time they were recovered, which exceeded $250 (Penal Law § 165.45 [1]). The objection of defense counsel, as part of his *845 motion for a trial order of dismissal, that the People failed to establish a value exceeding $250, did not alert the Trial Judge to defendant’s present argument — that for the crime of possession value must be established at the time of the theft — so as to preserve the issue for our review (see, People v Dekle, 56 NY2d 835).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.