FIRST DEPARTMENT, AUGUST, 1988

(August 4, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR KILPATRICK, Appellant.—Judgment, New York County Supreme Court (C. Beauchamp Ciparick, J.), rendered December 17, 1985, convicting defendant, after jury trial, of two counts of robbery in the first degree and sentencing him to concurrent terms of 4 to 12 years' imprisonment, unanimously modified, on the law, to reduce the conviction to two counts of robbery in the third degree and the matter remanded to Supreme Court for resentencing, and otherwise affirmed.

The People failed to prove a necessary element of the crime charged (Penal Law § 160.15 [2]). As the gun alleged in the indictment was not recovered, there was no evidence that it was loaded and operable and, thus, a deadly weapon (Penal Law § 10.00 [12]). The evidence was sufficient, however, to convict defendant of the lesser included offense of robbery in the third degree, which requires only forcible stealing (Penal Law § 160.05). Had defendant been charged under subdivision

1

(4) of Penal Law § 160.15, which speaks of displaying "what appears to be a pistol", rather than subdivision (2), then a conviction of robbery in the second degree as defined in Penal Law § 160.10 (2) (b) would be warranted. However, as it is possible to commit robbery with a deadly weapon without at the same time displaying a gun, robbery in the second degree is not a lesser included offense of the crime charged herein *(People v Green,* 56 NY2d 427, 430 [1982]; *People v Glover,* 57 NY2d 61 [1982]).

Defendant's motion to dismiss at the close of the People's case was sufficient to preserve the issue for review by this court. *(People v Olivo,* 120 AD2d 466, 467 [1st Dept 1986]; *People v James,* 111 AD2d 254, 255 [2d Dept 1985], *affd* 67 NY2d 662 [1986]; *People v Rivers,* 111 AD2d 982, 983 [3d Dept 1985].) The People's reliance on *People v Gomez* (67 NY2d 843, 845 [1986]) and *People v Dekle* (56 NY2d 835, 837 [1982]), as holding to the contrary, is misplaced. In determining whether an issue has been preserved as a question of law for review by the Appellate Division, it is important to distinguish a challenge addressed to the sufficiency of the evidence from one involving a claim of error in the trial court's charge or instructions to the jury. In this case, the trial court properly instructed the jury that a deadly weapon "is any loaded weapon from which a shot readily capable of producing death or other serious physical injury may be discharged." Defendant did not take exception to this charge and does not now claim it was erroneous. Rather, defendant contends the People presented no evidence from which the jury could conclude that the gun was loaded and operable.

To present a question of law, reviewable by either this court or the Court of Appeals, regarding the correctness of the trial court's ruling or instruction, usually the defendant must, by request or protest, alert the court to his argument and specific objection (CPL 470.05 [2]; 470.15, 470.35; *see, People v Ford,* 66 NY2d 428, 441 [1985]; *People v Thomas,* 50 NY2d 467, 472-474 [1980]; *People v Cona,* 49 NY2d 26, 32-33 [1979]; *People v Bronson,* 127 AD2d 776 [2d Dept 1987]; *People v Graham,* 111 AD2d 831 [2d Dept 1985]). However, the Appellate Division, unlike the Court of Appeals, has broad power to review questions of fact and discretion, as well as of law *(People v Cona, supra; see, People v Bleakley,* 69 NY2d 490, 494-495 [1987]). Thus, it may review alleged errors not preserved by timely objection "as a matter of discretion in the interest of justice" (CPL 470.15 [6]; *see, e.g., People v Screven,* 111 AD2d 100, 102 [1st Dept 1985]). Furthermore, the Criminal Proce-

dure Law deems at least two grounds—insufficiency of the evidence (CPL 470.15 [4] [b]) and illegality of the sentence (CPL 470.15 [4] [c])—for reversal or modification by the Appellate Division to be "upon the law" even in the absence of an objection which is otherwise necessary to create a question of law *(cf.,* CPL 470.15 [4] [a]).

Where, as here, the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense of which he was convicted, the Appellate Division, pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment, on the law, whether or not the defendant expressly or impliedly requested or protested the trial court's ruling on the issue in accordance with CPL 470.05. Consequently, the People's claim that this issue has not been preserved for our review is without merit. *(People v James, supra.)*

We also reject the People's contention that, because the evidence was sufficient to establish defendant's guilt of first degree robbery under a theory not charged in the indictment, we should not disturb the conviction. The accused's right "to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" *(People v Rubin,* 101 AD2d 71, 77 [4th Dept 1984]; *see, People v Spann,* 56 NY 469 [1982]; *People v Charles,* 61 NY2d 321, 329 [1984]).

We have considered defendant's other contention and find it without merit. We, therefore, modify the judgment accordingly and remand for resentencing. Concur—Murphy, P. J., Sandler, Carro, Rosenberger and Smith, JJ.