■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WATSON, Appellant.—Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 14, 1989, convicting defendant, after trial by jury, of burglary in the third degree and sentencing him, as a predicate felon, to a prison term of from 2½ to 5 years, is unanimously reversed, on the law, and the indictment dismissed.

Defendant was charged and convicted of third degree burglary upon the theory that he unlawfully entered a building at the Parsons School of Design in Manhattan and stole a wallet containing $13 to $15 from the knapsack of a student, Paula Krauss. There was testimony that the security guard at the school asked defendant if he was a student and defendant said he was. The guard did not ask defendant for identification or to sign in. Complainant Krauss, who had been working on the fourth floor in her "studio"—a movable plywood stall, over which one "can see over the top"—left for a moment to go to the bathroom. When she returned, she noticed defendant in

her studio and asked what he was looking for. Defendant told her he was looking for glue. When she discovered her knapsack, which she had placed in her cabinet, was missing, she chased defendant with some other students. The wallet was found on the second-floor landing with the money missing. Defendant was observed by the security guard attempting to leave by the 14th Street exit, which was locked, and then, pushing past the guard, he left the school at the 13th Street exit, dropping the money.

Penal Law § 140.20 requires that the People prove as an essential element of third degree burglary that the defendant "enters [and] remains unlawfully" in the premises, and Penal Law § 140.00 (5) provides, *inter alia,* that "[a] person 'enters [and] remains unlawfully' in or upon premises when he is not licensed or privileged to do so". The evidence in this case was legally insufficient to establish that defendant had no license or privilege to enter the school and the People, therefore, failed in their burden of proving each and every element of the crime charged *(see, People v Brown,* 25 NY2d 374, 377). While this issue is raised for the first time on appeal, legal sufficiency may be reviewed as a matter of law by this court, pursuant to CPL 470.15 (4) (b), and defendant's motion to dismiss at the close of the People's case was sufficient to preserve the issue for review *(see, People v Kilpatrick,* 143 AD2d 1, 2). The prosecution presented no evidence that defendant was not a student and, therefore, that he was not licensed or privileged to enter the school.

As noted, the testimony suggested that defendant told the security guard he was a student when he entered. While one student testified she did not think there were black male students in the fine arts department, she thought there were black men in the fashion department. In addition, while another student testified she did not recognize defendant as a student, neither of these witnesses was shown to have a comprehensive knowledge of the entire student body. Neither the registrar nor any other proper school official was called to testify as to whether defendant was enrolled in the school.

Finally, contrary to the contention of the People, Krauss' studio was not a "building" within the meaning of Penal Law § 140.00 (2). It had no door, was a temporary, movable structure, and was made of partitions that did not reach the ceiling (and, in fact, were capable of being seen over). Concur—Carro, J. P., Rosenberger, Wallach and Asch, JJ.