■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered October 20, 1988, convicting defendant, after a bench trial, of criminal mischief in the third degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprison-

ment of 2 to 4 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reducing the conviction to one for criminal mischief in the fourth degree, vacating the sentence and resentencing defendant to time served, and except as so modified, affirmed.

At approximately 1:55 P.M. on March 29, 1988, Police Officer Sergei Denecko observed defendant and a female companion walking around the area of Bainbridge and Jerome Avenues, in the Bronx, looking inside parked automobiles. He then saw defendant walk up to a 1975 Lincoln, bend down, put a lug wrench in the cylinder lock of the passenger door and enter the automobile.

After approaching the vehicle and directing defendant, who was in the driver's seat, out of the car, Denecko noticed that the ignition was "popped". Defendant immediately stated to the officer "[y]ou got me. Arrest me. I did it. Let her go. She didn't have anything to do with it." Denecko then arrested defendant and searched him, recovering a screwdriver from defendant's pocket. A lug wrench and a hammer were also recovered from the scene.

The lock on the passenger side door of the car was damaged and the ignition, which had been popped out, was laying on the floor inside the vehicle. The owner of the automobile testified that when he parked his car earlier in the day, both the passenger door lock and the ignition were in good condition. He added that he paid $55 to repair the ignition but that he had not yet fixed the door lock. An appraiser nonetheless estimated that a new ignition would cost $210, and that the cost to repair the passenger door would be $145.

The court acquitted defendant of the charge contained in the first count of the indictment, criminal possession of stolen property in the fourth degree, but convicted him of criminal mischief in the third degree as charged in the second count of the indictment. This count of the indictment alleged that "[t]he defendant, on or about March 29, 1988, in the county of the Bronx, did, with intent to damage property of York Solomon and having no right to do so nor any reasonable ground to believe that he had such right, damage the passenger door to a 1975 Lincoln in an amount exceeding two hundred and fifty dollars."

We agree with defendant that the trial court erred in constructively amending the indictment by considering evidence of damage as to the car's ignition as well as to the car's door as charged in the indictment. The defendant had testified

before the Grand Jury that he only intended to steal the radio and did not tamper with the door lock or the car's ignition. The indictment voted by the Grand Jury only alleged damage to the door. The Grand Jury thus at least partially credited the testimony of the defendant. "Proof at trial that varies from the indictment potentially compromises two of the functions of the indictment—notice to the accused and the exclusive power of the Grand Jury to determine the charges. Where defendant's right to fair notice of the charges or his right to have those charges preferred by the Grand Jury rather than by the prosecutor at trial has been violated, reversal is required" *(People v Grega,* 72 NY2d 489, 496).

As in *People v Roberts,* the companion case to *People v Grega (supra),* the People's presentation of proof at trial to support the $250 damage requirement of criminal mischief in the third degree (Penal Law § 145.05), the damage to the ignition and the door lock, contradicted the factual allegation contained in the indictment, the damage to the door. Value exceeding $250 is a material element of the crime of criminal mischief in the third degree (Penal Law § 145.05; *People v Cunningham,* 95 AD2d 680). Without the constructive amendment, there was insufficient evidence to prove that the damage to the automobile exceeded $250.

Despite defense counsel's failure to preserve the issue for our review, since the evidence at trial was legally insufficient to establish defendant's guilt of the offense of which he was convicted, we modify the judgment accordingly (CPL 470.15 [4] [b]; *People v Kilpatrick,* 143 AD2d 1, 3; *see also, People v Boston,* 75 NY2d 585; *People v Iannone,* 45 NY2d 589; *People v Powell,* 153 AD2d 54; *People v Rubin,* 101 AD2d 71; *cf., People v Rivera,* 157 AD2d 540). As defendant concedes, the evidence was legally sufficient to support his conviction for criminal mischief in the fourth degree, which does not require any minimum monetary amount of damage (Penal Law § 145.00). As defendant has already served in excess of the maximum sentence of one year for criminal mischief in the fourth degree, an A misdemeanor, there is no need to remand for resentencing *(see, People v Nixon,* 156 AD2d 144, *lv granted* 75 NY2d 873).

In light of our determination, we do not consider defendant's remaining contentions. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.