OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*907 Defendant was convicted, after a jury trial, of three counts of murder in the second degree. There was a single witness to the killings and the evidence against defendant came principally from her. Her status as an accomplice was submitted to the jury as a question of fact.
We agree with the Appellate Division that the court’s instruction on the subject was error and requires a new trial. The court charged the jury that an "accomplice means a witness in a criminal action who, according to the evidence adduced at the trial, may reasonably be considered to have participated in the offenses charged in the indictment.” In addition, the court instructed the jury that if it found the witness was in fact "an active participant, an accomplice in the homicides * * * rather than a mere witness” the defendant could not be convicted on her uncorroborated testimony. In a supplemental charge the court instructed the jury that to be considered an accomplice, the witness would have had to have participated "in the events or an offense based upon the same or some of the same facts or conduct which constitute the offense charged, in this case homicide.” Defendant excepted to the inclusion of the phrase "in this case homicide.”
CPL 60.22 (2) (a) states that an accomplice is a witness in a criminal action who "according to evidence adduced in such action, may reasonably be considered to have participated in * * * [t]he offense charged.” A witness may also be an accomplice under paragraph (b) of that section if he or she may reasonably be considered to have participated in "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged” (emphasis added). The provision was intended to broaden the common-law definition of accomplice to provide a more equitable, operable and consistent standard for courts to determine when corroboration is applicable (see, People v Berger, 52 NY2d 214, 219).
The court’s charge did not adequately explain the language of paragraph (b) and thereby limited the scope of the jury’s inquiry. It erroneously permitted the jury to find the witness was not an accomplice even if it believed her a willing participant in a crime such as robbery or criminal facilitation based on "the same or some of the same facts or conduct” (CPL 60.22 [2] [b]).
Defendant also claims error in the court’s instruction permitting conviction if the jury found that the witness was an accomplice, provided they also found other evidence suffi *908 cient to corroborate the accomplice testimony. As the Appellate Division observed, and the District Attorney now concedes, there is no corroborating evidence in the record. Any error in this regard is not preserved for our review, however, because defendant failed to request the court to instruct the jury that it could not convict if it found the witness was an accomplice (see, People v James, 75 NY2d 874, 875). In the absence of such a request by defendant, we are unable to examine the basis for the jury’s verdict. Insofar as the Appellate Division decision may be read to hold that this error could not be waived, even in the absence of an exception, we disagree with it.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.