THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QAMAR ABDULLAH, Also Known as LUKE ELCOCK, Appellant.

First Department, December 6, 1990

APPEARANCES OF COUNSEL

*T. J. Morrow* for appellant.

*Qamar Abdullah,* appellant *pro se.*

*Virginia C. Modest* of counsel *(Helman R. Brook, Special Prosecutor,* attorney), for respondent.

OPINION OF THE COURT

Asch, J.

Police Officers David Reynolds and Carlos Padro, on radio motor patrol, received a radio message that an undercover officer was being held against his will on the fourth-floor hallway of 2166 Eighth Avenue. The address was known to the officers as a hotel where narcotics were sold, and where drug dealers who congregated in the halls were frequently armed. Upon arrival at that location, the officers went to the fourth floor with their guns drawn, and observed defendant on the landing standing 7 to 10 feet away. When Reynolds told defendant, the only person visible on the floor, not to move and to put his hands above his head, defendant spun around and started to walk in the opposite direction dropping a brown paper bag at his side. A glassine envelope "spilled out" from the bag which contained 16 glassine envelopes of heroin and Officer Reynolds placed defendant under arrest. At the station house, cocaine and marihuana were found on defendant's person. Defendant then asked Officer Reynolds about the charges he faced and how much time he might serve. He was informed of the charges and given an estimate of possible time. The defendant then offered the officers $1,000 to $1,500 for his release and the return of the drugs. This bribery offer made anew in a later conversation and the offer of a gold chain and medallion as "security" was tape recorded by the officer. (The tape recording was later inadvertently erased.)

Defendant moved to suppress only the marihuana. Counsel declined to move for suppression of the heroin and the cocaine because defendant disclaimed possession of these drugs. After the *Mapp* hearing, at which Officer Reynolds was the only witness, the suppression court denied the motion to suppress finding: "the People met their burden of going forward, but the defendant did not meet his burden of proving * * * by a preponderance of the evidence that the marijuana and the marijuana cigarette were unlawfully taken from his person". After reconsideration, however, the court found that the officers came up the stairs with "guns drawn and said hands up, don't move" and that this constituted an unlawful stop or seizure and therefore the arrest was unlawful. Since defendant had moved to suppress only the marihuana, the court granted the motion to suppress solely as to the marihuana. In the interval between the rulings, direct trial testimony had been elicited concerning defendant's possession of the mari-

huana. Accordingly, the trial court, with the approval of the defense, decided to instruct the jury in the final charge, that the marihuana count had been dismissed, and the jury was not to consider any evidence relating to the marihuana for any purpose.

■ We find that the defendant affirmatively waived his right to suppression of the heroin and cocaine which was seized from him, even assuming, arguendo, that the court's later ruling was correct (see, People v Bertolo, 65 NY2d 111, 121; People v Wachtel, 124 AD2d 613, 615, lv denied 69 NY2d 835). Further, any potential prejudice to the defendant was avoided when the trial court instructed the jury with the defense's approval to disregard the prior testimony relating to the marihuana, later suppressed.

■ While defendant asserts he was denied effective assistance of counsel, we find the record shows he was afforded meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). Defendant's main support for this contention appears to be trial counsel's failure to move for suppression of all of the illicit substances, but a reading of the record shows that, at trial, defendant consistently denied possession of the cocaine and heroin. This must certainly furnish a legitimate explanation for counsel's failure to request such suppression (see, People v Rivera, 71 NY2d 705, 709). We find, further, that the inadvertent erasure of the tape recording of the conversation with Officer Reynolds was not done willfully or in bad faith and in any event, no prejudice resulted to defendant.

While we have examined the remaining contentions made by defendant and find them to be without merit, we do find substance in the second point raised in defendant's pro se supplemental brief. Defendant asserts that the trial court's charge to the jury was prejudicial to him as the fourth element of the crime of criminal possession of a controlled substance in the third degree was never proven during the course of the trial.

Penal Law § 220.16 (12) provides:

"A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses * * *

"one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic drug."

■ During the final charge, the trial court instructed the

jury as to the four elements necessary for a conviction of criminal possession in the third degree, the last of which required the "aggregate weight of one-half ounce or more" of heroin. While the court also told the jury that the police chemist gave "his opinion as to the net weight of the heroin and his lab report is in evidence as part of Exhibit 6", a careful reading of the trial record persuades us that this was not correct. Thus, the police chemist, John Izzi, testified that heroin *was* present in the 16 glassines and that he had determined the net weight of the envelopes. However, he did not testify as to *what* that net weight was. Additionally, while Mr. Izzi prepared a report which reflected his findings, this report was attached to a brown manila envelope and sealed inside a plastic package. While presumably, in the ordinary case, such a report would be visible to the jury through the plastic wrapping, in this case, the court agreed that the People's exhibit 6 was to be taped over "in a way that will shield all of the written matter". Although later reference seems to indicate that the taping occurred only over the marihuana and that portion of the report which made reference to the marihuana, the court noted: "It is to be understood the jury will never have that exhibit [People's exhibit 6] alone * * * and I'm sure not given to the jury in the jury room alone". Further, the actual exhibit containing the report was never passed among the jurors but held up by the prosecutor about five feet away from them.

■ Accordingly, while we agree with the People that the laboratory report "was in evidence as part of trial exhibit number six" we do not agree that the lab report was seen by the jury under the circumstances as they transpired in this case. The People further argued that the jury could see the 16 glassine envelopes and the sheer quantity of the substance would "indicate" an aggregate weight of one-half ounce or more. This indication of the aggregate weight did not, however, meet the People's burden of proving such element beyond a reasonable doubt. As we have noted previously, when the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense, this court pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment on the law, whether nor not the defendant expressly requested or protested the trial court's ruling *(People v Kilpatrick,* 143 AD2d 1, 3).

■ The proof submitted in support of the heroin count was sufficient for a conviction of criminal possession of a controlled

substance in the seventh degree, a class A misdemeanor (Penal Law § 220.03), and we reduce the conviction of criminal possession in the third degree to that crime. Since the acts herein "were committed as parts of a single incident or transaction" consecutive definite sentences may not exceed an aggregate of one year (Penal Law § 70.25 [3]). A remand for resentencing therefore would simply be an empty gesture, not affecting the sentence imposed *(see, People v Scott,* 93 AD2d 754) and consequently we modify the judgment, and as modified, affirm.

Accordingly, the judgment of the Supreme Court, New York County (Felice Shea, J.), rendered July 28, 1986, after trial by jury, convicting defendant of criminal possession of a controlled substance in the third and seventh degrees and bribery in the second degree and sentencing him, as a predicate felon, to concurrent terms of 9 to 18 years for possession of a controlled substance in the third degree, 3 to 6 years on the bribery count and one year on the criminal possession of a controlled substance in the seventh degree count, should be modified, on the law and facts, to the extent of reducing the conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed on that count and substituting therefor the definite sentence of one year to be served concurrently and except as so modified, affirmed.

Ross, J. P., Rosenberger, Kassal and Wallach, JJ., concur.

Judgment, Supreme Court, New York County, rendered July 28, 1986, unanimously modified, on the law and facts, to the extent of reducing the conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed on that count and substituting therefor the definite sentence of one year to be served concurrently with the sentences imposed on the other convictions and, except as so modified, affirmed.