THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DENNIS CRUZ, Appellant.

First Department, February 28, 1991

### APPEARANCES OF COUNSEL

*Pamela Peters* of counsel *(Philip L. Weinstein,* attorney), for appellant.

*Raymond Vallejo* of counsel *(Allen H. Saperstein* with him on the brief; *Robert T. Johnson, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

Asch, J.

Is an attorney bound by his client's narration of what took place and the client's wishes with respect to his defense, or is an attorney obligated to undertake a defense inconsistent with the client's version of what occurred if such a tactic appears to have a good possibility of succeeding?

This question is presented four-square in the case before us. Simply put, the attorney in this case did not move (pursuant

to *Mapp v Ohio,* 367 US 643) for suppression of narcotics seized from his client because the client defendant insistently denied any possession of the drugs.

The testimony herein for the People was that Police Officers Schmansky and Fitzmaurice were patrolling in an unmarked car in a "drug prone area" of the Bronx when they drove the car toward a large group of people standing against a wall. Officer Schmansky got out of the car to "get to the people and to keep them moving". He saw defendant with a brown paper bag some 25 feet away. The defendant turned, saw the officer and then fled. Schmansky chased defendant with Officer Fitzmaurice following in the car. Defendant fled 30 or 40 feet to a building where he opened the front gate and threw the bag inside a small courtyard. Schmansky, immediately behind defendant, picked up the bag and apprehended defendant at about the same time. Looking in the bag, Schmansky found three stacks or bundles of small glassine envelopes containing a white, powdery substance and stamped with the logo "Liberty". Police Officer Pegram responded to Schmansky's radio call and arrested defendant. Pegram vouchered the 150 glassine envelopes but threw away the paper bag without submitting it for testing or fingerprints since he did not consider the bag to be evidence.

After the judgment of conviction here, defendant moved pursuant to CPL 440.10 to vacate the judgment on the ground of ineffective assistance of counsel. After hearing, the Justice who presided at the trial, denied defendant's motion. We granted leave to appeal from the denial of the 440.10 motion and ordered the appeals consolidated.

Defendant claims he was denied effective assistance of counsel because his trial attorney did not move to suppress the heroin seized, and failed to request appropriate charges with regard to a missing witness and the People's destruction of evidence.

In response to the court's inquiry whether he would request a missing witness charge with respect to Officer Fitzmaurice, trial counsel stated that he wanted to hear the evidence first before requesting a charge so as to avoid prematurely divulging his defense. This was a reasonable trial strategy. Further, defendant has not shown that Fitzmaurice was knowledgeable about a material issue and therefore could be expected to provide noncumulative testimony. Moreover, if trial counsel had requested such a missing witness charge at

the appropriate time, it is possible the prosecutor would have called Officer Fitzmaurice who might have simply buttressed the People's case with corroborative testimony. In any case, trial counsel did not ignore the issue. On summation, he reminded the jury that the officer had not been called as a witness and suggested that this should raise a reasonable doubt.

■ Defendant's claim that trial counsel erred by not requesting an adverse inference charge with respect to the brown paper bag that was discarded by Officer Pegram is also without merit. Trial counsel, indeed, moved to dismiss the indictment because of the destruction of this evidence. Although he did not request an adverse inference charge, he reminded the jury on summation that the People had thrown the bag away without a determination made as to whether defendant's fingerprints were on it. The jury was thus certainly aware of the significance of the missing bag. Any prejudice to defendant stemming from counsel's failure to seek an adverse inference charge was at most minimal.

■ The only remaining issue remains whether defendant was denied effective assistance of counsel because trial counsel did not move to suppress the evidence as illegally seized. To avoid the danger of "according undue significance to the retrospective analysis", legal assistance has not been found to be ineffective unless a defendant can show that his attorney failed to provide "meaningful representation" under all of the circumstances of a particular case, including the evidence and the law, as viewed together, and as of the time of representation. *(People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 147 [1981].) "[T]rue ineffectiveness" of trial counsel must not be confused with "mere losing tactics" *(People v Baldi, supra,* at 146).

While defendant asserts his lawyer had no legitimate reason for not moving to suppress the evidence, counsel testified he was convinced his client had no standing to make such a motion because defendant had consistently denied possession of the drugs recovered by the police. Defendant asserts that inasmuch as the police alleged that defendant had possession of the brown paper bag with the drugs, before throwing it down, this would have given defendant standing. However, a defendant must allege his own "present possessory interest" *(People v Gomez,* 67 NY2d 843, 844).

As we noted in *People v Barshai* (100 AD2d 253, 256-257, *lv*

*denied* 62 NY2d 804, *cert denied* 469 US 885), "Although CPL 710.60 (subd 1) specifically permits a motion to suppress to include allegations of fact based on 'information and belief', it is by no means self-evident that this language was intended to permit standing to be so established with regard to items of evidence concerning which a defendant, necessarily with direct knowledge of the facts, denies any proprietary or possessory interest". Further, in *Barshai,* two Justices of this court noted, in concurring with the majority that there had been no ineffective assistance of counsel: "The evidence in this record indicates that defendant told his trial counsel that the police had not recovered any incriminating property from him. Based upon that representation, the defendant did not have standing to bring a motion to suppress" *(supra,* at 262). Since defendant herein told counsel he was never in possession of the drugs, if counsel, in support of a motion to suppress pursuant to CPL 710.60, had argued that defendant *had* a possessory interest, even on "information and belief", such an argument "may very well have been professional misconduct. Code of Professional Responsibility DR 7-102 ('Representing a Client Within the Bounds of the Law'), subdivision (A) (5), states 'In his representation of client, a lawyer shall not * * * [k]nowingly make a false statement of law or facts'. We held in *Matter of Padilla* (109 AD2d 247, 248 [1985]) that a lawyer, who violates DR 7-102 (A) (5), is guilty of misconduct." *(People v Garcia,* 149 AD2d 241, 249, *affd* 75 NY2d 973).

Most recently in *People v Abdullah* (164 AD2d 260), in a narcotics prosecution, the defendant moved to suppress only the marihuana which was discovered on his person. This court held, *inter alia,* that defendant was not denied effective assistance of counsel by reason of counsel's failure to move for suppression of heroin and cocaine which defendant was also charged with possessing, where defendant consistently denied possession of the latter two drugs. In *Abdullah,* as in the instant case, the consistent denial by defendant of any possessory interest in the drugs furnished a legitimate explanation for counsel's failure to request a suppression hearing. *(People v Rivera,* 71 NY2d 705, 709.)

Accordingly, the judgment of the Supreme Court, Bronx County (Frank Diaz, J.), rendered May 26, 1987, convicting defendant, after trial by jury, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a predicate felony offender, to a term of 6 to 12 years, and the order of the same court and Justice, rendered November

15, 1989, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, should be affirmed.

KUPFERMAN, J. P., ROSS, ROSENBERGER and WALLACH, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered May 26, 1987, and the order of the same court and Justice rendered November 15, 1989, affirmed.