THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALEXANDER, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J.), rendered June 14, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of four and one-half to nine years imprisonment, unanimously affirmed.

Defendant's conviction arose out of a buy and bust operation. The undercover officer walked up to defendant and co-defendant, and asked defendant for "two nickels." The officer handed defendant ten dollars of buy money, which he gave to the co-defendant, stating "give him two." The co-defendant extracted two vials of cocaine from his own pocket, gave them to defendant, who in turn gave them to the officer. Both defendants were immediately arrested, and their identities

were confirmed a few moments later in a drive-by identification. Defendant testified that he did not participate in the sale and was buying sneakers for his girlfriend in a store next to the bodega where he was arrested. Defendant's appellate contention that the court failed to submit a charge for criminal facilitation as a lesser included offense of the criminal sale charge, has been waived for review as a matter of law. Defendant did not request the court to charge criminal facilitation as a lesser included offense, and never objected to the court's failure to so charge the jury and the alleged error was not preserved for appellate review (CPL 470.05). In any event, criminal facilitation is not a lesser included offense of criminal sale *(People v Glover,* 57 NY2d 61, 63-65; *see also, People v Luther,* 61 NY2d 724) and any claim that the court erred by failing to charge an agency defense was similarly unpreserved. (CPL 470.05 [2]; *People v Gayles,* 122 AD2d 222; *People v Wolcott,* 111 AD2d 513.) In any event, defendant's own testimony negates the existence of an agency defense *(see generally, People v Roche,* 45 NY2d 78, 83, *cert denied* 439 US 958), insofar as he denied any participation in the drug transaction *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Guzman,* 156 AD2d 715, *lv denied* 76 NY2d 789).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.