■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL ATKINS, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 8, 1987, convicting defendant after jury trial of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

Defendant, during an undercover "buy and bust" operation, led the undercover officer to an apartment, summoned the codefendant, and requested two "jumbo" vials of crack for the officer. While defendant neither handled the money nor the narcotics, there was ample evidence that defendant knew the substance was crack cocaine, and that he intentionally aided the sale by leading the officer to the purchase location and requesting delivery on the officer's behalf. (People v Kaplan, 76 NY2d 140, 147.)

As to the claim that facilitation should have been charged as a lesser included offense, it is clear that facilitation is not a lesser included offense of criminal sale of a controlled substance. (People v Glover, 57 NY2d 61; People v Luther, 61 NY2d 724; People v Alexander, 172 AD2d 385.) Nor could facilitation be charged as a lesser included offense of the "acting in concert" allegation of the indictment. (People v Hernandez, 135 AD2d 732.) "Acting in concert" is not an element of the crime charged, but merely a theory of the case. Moreover, the fact remains that facilitation is simply not a lesser included offense of any crime charged in the indictment which was presented to the jury.

Defendant could not have been prejudiced by the jury

charge to the effect that if they found defendant was not acting in concert with Ruiz, defendant could not be found guilty. In any event, the court later omitted this statement from its instructions. Nor was it error to charge that a reasonable doubt is a doubt "which seems reasonable to you." *(People v Malloy,* 55 NY2d 296, 300.)

As to the People's argument that this Court should overrule *People v Kilpatrick* (143 AD2d 1), insofar as it may have suggested that a defendant's challenge to the sufficiency of the evidence in a criminal case is preserved absent a motion for a trial order of dismissal on this ground at the close of the People's case, we are unpersuaded that the case was wrongly decided. *(People v Velasquez,* 151 AD2d 159, *affd* 76 NY2d 905.)* [The unpublished decision and order of this court entered on May 23, 1991 is recalled and vacated.] Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.