■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIA ORTA, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On January 22, 1990, at about 6:50 P.M., Syracuse police officers executed a search warrant at a residence located at 825 South Ave. As they entered, police observed defendant Emilia Orta standing in the kitchen and defendant William Mendoza standing in the doorway between the living room and the kitchen. The officers ordered Orta to the kitchen floor and handcuffed her. Mendoza, ignoring orders of the officers to stop, ran upstairs. One officer testified that Mendoza appeared to be carrying something in his hands as he proceeded up the stairs. The officer pursuing Mendoza testified that Mendoza entered a bedroom and appeared to throw something. The officer entered the bedroom and observed a large quantity of "granular substance" scattered all over the room. It was in rock form,

about the size of unpopped popcorn kernels, with some larger chunks. Mendoza was apprehended and handcuffed in the bedroom. A combination safe was found by the police in another bedroom. Mendoza stated that he could open it and did so. The safe contained a quantity of jewelry and bundles of money.

An evidence technician, using a vacuum cleaner equipped with a filter, vacuumed the granular substance and emptied what was recovered into a plastic bag. A chemist testified that the bag weighed 161.5 grams, or 5.7 ounces, and a sample of its contents tested positive for cocaine. Both the chemist and the evidence technician acknowledged, however, that, in addition to the granular substance, the bag contained foreign matter such as hair, dust, and dirt particles.

Defendants were convicted pursuant to a jury verdict of criminal possession of a controlled substance in the first degree, in violation of Penal Law § 220.21 (1), and criminal possession of a controlled substance in the third degree, in violation of Penal Law § 220.16 (1). Orta argues on appeal that the evidence was insufficient to prove her constructive possession of the cocaine recovered in the bedroom. We agree.

To meet their burden of proving that Orta constructively possessed the cocaine, the People "must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found" (*People v Manini,* 79 NY2d 561, 573; *see also, People v Francis,* 79 NY2d 925; *People v Watson,* 56 NY2d 632; *People v Fuller,* 168 AD2d 972, *lv denied* 78 NY2d 922; Penal Law § 10.00 [8]). When the defendant's constructive possession is based solely on circumstantial evidence, the evidence must exclude to a moral certainty every hypothesis but that of guilt and be inconsistent with innocence (*see, People v Harvey,* 163 AD2d 532, 533).

Here, the People introduced evidence sufficient to prove that defendants Orta and Mendoza, and several others, resided at 825 South Ave. That fact does not establish Orta's constructive possession of the cocaine, which was discovered in an upstairs bedroom. No evidence was submitted that the drugs were in plain view in Orta's presence; therefore, the statutory presumption of possession does not apply (*see,* Penal Law § 220.25 [2]). The evidence is sufficient to prove Mendoza's possession of the cocaine, but it does not exclude the reasonable inference that Mendoza's possession was without Orta's knowledge (*see, People v Betances,* 145 AD2d 961). Conse-

quently, Orta's convictions must be reversed and the indictment dismissed as against her.

Mendoza was convicted of criminal possession in the first degree, which requires possession of "one or more preparations, compounds, mixtures or substances of an aggregate weight of four ounces or more containing a narcotic drug" (Penal Law § 220.21 [1]). The People failed to meet their burden of establishing the weight of the controlled substance *(see, People v Nelson,* 144 AD2d 714, 717, *lv denied* 73 NY2d 894). We cannot conclude that the jury could determine, by viewing the exhibit, that the amount of the controlled substance weighed over four ounces. Any determination in that regard would be based upon speculation *(see, People v Abdullah,* 164 AD2d 260, 264; *cf., People v Nelson, supra).* Because the People failed to prove that the controlled substance weighed four ounces, defendant's conviction for criminal possession of a controlled substance in the first degree must be reduced to criminal possession of a controlled substance in the seventh degree, which applies to the possession of any amount of a proscribed substance *(see, People v Mizell,* 72 NY2d 651, 655). The maximum to which defendant could be sentenced would be a definite sentence of one year, to be served concurrently, a remittal for resentencing is not necessary and we so sentence defendant *(see, People v Abdullah, supra,* at 265).

We reject defendant Mendoza's argument that the proof is not sufficient to support his conviction of criminal possession of a controlled substance in the third degree, which requires possession of "a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). When reviewing a sufficiency claim, we must view the evidence in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437; *People v Mayas,* 137 AD2d 836, 837). The People are entitled to the inference, from defendant's possession of a substantial amount of drugs, that he intended to sell them *(see, People v Alvino,* 71 NY2d 233, 245; *People v Blue,* 173 AD2d 836; *People v Vailes,* 150 AD2d 406, *lv denied* 74 NY2d 795; *People v Timmons,* 127 AD2d 806, *lv denied* 69 NY2d 1010). Here, although the precise weight of the drugs was not established, the People introduced photographs of the bedroom, in which there were chunks of cocaine scattered over a substantial portion of the floor and the bed. A veteran narcotics investigator testified that the cocaine was in raw, pre-cut form, as it exists before it is broken down and packaged for sale. Moreover, a combination safe on the premises, opened by Mendoza, contained a quantity of jewelry and bundles of money. The presence of large sums of cash in

defendant's possession is relevant on the issue of defendant's intent to sell drugs and supports an inference that defendant is a dealer *(see, People v Martin,* 163 AD2d 491; *People v Calada,* 154 AD2d 700, 701, *lv denied* 75 NY2d 811; *People v Wheeler,* 140 AD2d 731, 732, *lv denied* 72 NY2d 926; *People v Jones,* 138 AD2d 405, *lv denied* 71 NY2d 1028; *cf., People v Whitfield,* 144 AD2d 915).

We have examined the remaining issues raised by defendants and find them lacking in merit. (Appeal from Judgment of Onondaga County Court, Elliott, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.