■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL DIAZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered October 5, 1990, convicting defendant, after a jury trial, of bribe receiving in the second degree, for which he was sentenced to one year incarceration and a $5,000 fine, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Shortly after the appointment of the complainant to the position of acting assistant principal, defendant, a school board member and liaison between the school board and the school, claimed responsibility for the appointment and demanded payment of $5,000. When the complainant failed the qualifying exam for assistant principal, defendant again demanded a $5,000 payment either to keep her in the position, or to appoint her to a similar position. The same demands and accompanying threats were repeated on several occasions. The complainant refused to pay the bribe, was observed to be visibly upset after one confrontation with the defendant, and related the bribe demand to other witnesses. After a confrontation at a school board meeting between defendant and the complainant, the complainant filed an official complaint with the Inspector General's Office of the Board of Education, specifying that defendant had demanded $5,000.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility, under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495), defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, and the verdict was not against the weight of that evidence. Defendant's contention that the court erred by failing to instruct the jury on how to evaluate accomplice testimony, *sua sponte,* is unpreserved for review *(People v Velasquez,* 76 NY2d 905, 907-908). Were we to review this contention in the interest of justice, we would find it meritless. No reasonable view of the evidence supports a conclusion that the complainant was an accomplice. The court's failure to instruct the jury that it could consider the complainant's failure to make a prompt official complaint in evaluating her credibility was not an abuse of discretion. This issue was thoroughly explored on both direct and cross-examination of the complainant.

Nor do we find any basis, on the present state of the record,

to conclude that defendant was denied meaningful representation *(People v Baldi,* 54 NY2d 137, 147). We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.