■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARWIN BOBB, Appellant. [615 NYS2d 764] —Appeal by the defendant from (1) an amended judgment of the Supreme Court, Kings County (DeLury, J.), rendered July 9, 1990, revoking a sentence of probation previously imposed by the same court (Egitto, J.), under Indictment Number 5436/84, upon the defendant's admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree, and (2), a judgment of the same court, also rendered July 9, 1990, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree, under Indictment Number 11946/88, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment imposed under Indictment Number 5436/84 is affirmed, and it is further,

Ordered that the judgment imposed under Indictment Number 11946/88 is modified, on the facts, by reducing the defendant's conviction of criminal sale of a controlled substance in the first degree to a conviction of criminal sale of a controlled substance in the second degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to Supreme Court, Kings County, for resentencing.

The defendant was convicted under Indictment Number 11946/88 of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) based upon proof which tended to show that on November 3, 1988, he sold approximately two ounces of cocaine. The primary item of evidence which tended to establish that the amount of cocaine sold by defendant actually exceeded two ounces consisted of the report made by an expert who did not appear to testify at trial and who could not be cross-examined as to his credentials or as to his methodology. This report indicated that the amount of cocaine sold by the defendant only marginally exceeded two ounces (the report stated that the cocaine, contained in two bags, had an aggregate weight of 1⅞ ounces plus 55 grains or 2.000714 ounces). However, the cocaine which was available as evidence at trial no longer weighed more than two ounces. According to the testimony of the prosecution's expert witness, this was attributable to the fact that a certain amount of cocaine had dried up over time and to other circumstances.

Under the particular facts of this case, including but not limited to those outlined above, we find that the jury's verdict convicting the defendant of criminal sale of a controlled substance in the first degree was against the weight of the evidence (see, CPL 470.15 [3] [b]; [5]; *People v Bleakley,* 69 NY2d 490; *People v Abdullah,* 164 AD2d 260; *see also, People v Ryan,* 82 NY2d 497). However, the evidence was both legally and factually sufficient to support a conviction for the lesser included offense of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). We modify the judgment accordingly.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.