[618 NYS2d 257]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PATRICIA COOPER, Defendant-Appellant.

First Department, September 27, 1994

MEMORANDUM.

Judgment, Supreme Court, New York County (Angela M.
Mazzarelli, J.), rendered September 9, 1992, convicting defen-
dant, after jury trial, of criminal possession of a controlled
substance in the fifth degree, and sentencing her, as a second
felony offender, to 2½ to 5 years' imprisonment, modified, on
the law, to the extent of reducing the conviction to criminal
possession of a controlled substance in the seventh degree, and
remanding the matter for resentencing in accordance there-
with. *Sua sponte,* leave to appeal to the Court of Appeals is
hereby granted by Justice Asch.

Defendant was arrested after an experienced police officer
observed her under bright street lights, knotting a plastic bag
containing telltale white powder. Before any interrogation she
spontaneously exclaimed, "It's coke," for which she had just
paid $40.

Defendant was charged and convicted on proof that she
possessed 500 milligrams or more of "pure weight" cocaine in
violation of Penal Law § 220.06 (5). Weight was established by
the People's expert witness. The chemistry lab, after testing,
was left with 28 grains (1,814 milligrams) of a substance
which was 62.3% pure cocaine. In other words, the total
weight of pure cocaine was at least 1,130 milligrams, which is
more than twice the weight threshold for fifth degree posses-
sion.

Entirely absent from the record of this trial in July 1992 is
any proof that defendant knew she possessed 500 milligrams—
or *any* particular weight, for that matter—of cocaine; all she
knew was that she possessed $40 worth. In *People v Ryan* (82
NY2d 497), decided in December 1993, the Court of Appeals
held that a defendant's knowledge of the weight of the drugs
possessed is an essential element of any drug charge based, as
this indictment is, upon a specific weight. We see little reason
to doubt that *Ryan* must be retroactively applied to cases on
direct appeal because the *Ryan* decision itself is based on
construction of long-standing statutes and asserts that it is
declarative of already existing law, adumbrated by earlier
decisions (82 NY2d, *supra,* at 504). As succinctly stated in

*People v Favor* (82 NY2d 254, 263, quoting *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 192, *cert denied* 459 US 837), " '[a] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle' ". And while the majority and the dissent in *Favor* differed as to the outcome dictated by the three-pronged analysis for retrospective application of a remedial change in the criminal law set out in *People v Pepper* (53 NY2d 213, *cert denied* 454 US 967), at least one consideration of *Pepper* is heavily implicated here: the purpose of the rule "change"— whether large or small—which in this context refers to the degree of impact upon the fact-finding process. Obviously, the application of *Ryan's* expanded *mens rea* requirement to narcotics prosecutions will have a profound effect, in most cases, on the proof submitted to the jury, and the scope of the jury's task in assessing that proof.

We are thus brought to the question of whether defendant has adequately preserved the *Ryan* issue for appellate review. It is undisputed that at the close of the People's case at trial, defense counsel made only a generalized pro forma motion to dismiss, asserting that "the People have failed to meet their burden on all the elements of the charge." When both sides had rested and the court was considering requests to charge, counsel sought a jury charge on the lesser included offense of seventh degree possession not on the ground of defendant's lack of knowledge of the contraband's actual weight, but simply because a reasonable view of the evidence (defendant had called an expert witness to challenge the conclusions of the police chemist and the latter's laboratory procedures) would permit a finding that defendant actually possessed less than 500 milligrams. The trial court granted his request, but obviously on a non-*Ryan* ground.

In *People v Kilpatrick* (143 AD2d 1, 3) this Court was presented with an analogous situation, where we held:

"Where, as here, the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense of which he was convicted, the Appellate Division, pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment, on the law, whether or not the defendant expressly or impliedly requested or protested the trial court's ruling on the issue in accordance with CPL 470.05. Consequently, the People's claim that this issue has not been preserved for our review is without merit [citation omitted].

"We also reject the People's contention that, because the evidence was sufficient to establish defendant's guilt of first degree robbery under a theory not charged in the indictment, we should not disturb the conviction. The accused's right 'to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable' [citations omitted]."

Since the *Kilpatrick* decision in 1988, we have adhered to the preservation analysis therein, despite several invitations from the People to reconsider *(see, e.g., People v Blacknall,* 185 AD2d 108, *lv denied* 80 NY2d 1025; *People v Atkins,* 173 AD2d 424; *People v Abdullah,* 164 AD2d 260; *People v Rodriguez,* 164 AD2d 832; *People v Watson,* 163 AD2d 253, 254). We recognize that the Second Department has taken a contrary view *(People v Canute,* 190 AD2d 745, *lv denied* 81 NY2d 968; *People v Lyons,* 154 AD2d 715; *People v Bailey,* 146 AD2d 788, *lv denied* 74 NY2d 844; *see also, People v Okehoffurum,* 201 AD2d 508). We also note that at the *Ryan* trial, defense counsel's motion to dismiss made explicit reference to the lack of proof as to defendant's knowledge of the weight of the proscribed hallucinogenic substance (psilocybin) which could be scientifically processed and extracted from the two-pound shipment of mushrooms. If *Ryan* standards apply, defendant's level of guilt turned upon her knowledge of how much could be extracted from one sixteenth of an ounce of an aggregate substance in order to reach a statutory threshold of 500 milligrams of pure cocaine.

The Court of Appeals has never ruled upon our construction of CPL 470.15 (4) (b) that insufficiency of evidence does not require specific exception to preserve an objection on the law; when the Legislature desires to achieve such a result, it specifically sets forth the preservation requirement *(cf.,* the reference to CPL 470.05 [2] in CPL 470.15 [4] [a]). However, the People urge that the Court of Appeals has sent a signal of rejection in *People v Cona* (49 NY2d 26) and *People v Velasquez* (76 NY2d 905). Both of these cases involved a defendant's failure to preserve for appeal the trial court's omission of a proper instruction to the jury regarding accomplice evidence. Those cases, involving a statutory rule of evidence on the treatment of testimony of a particularly suspect class of witnesses, are inapposite. The issue here comes down to whether a defendant can stand convicted in this State of a felony-grade crime where there is legally insufficient or no proof of *an essential statutory element* of the crime charged.

To answer that question affirmatively is, in our view, a constitutional denial of due process. The People have a fundamental burden of establishing upon sufficient proof every element of the offense charged *(Jackson v Virginia,* 443 US 307).

As a matter of due process insufficiency of proof as a matter of law cannot be waived *(see, Thompson v Louisville,* 362 US 199, 206). On a properly created record, the facts speak for themselves, and no party can claim surprise for another's failure to discern and raise an issue of insufficiency. On the other hand, a point of law, involving legal strategy, must be preserved precisely because raising it for the first time after trial would place the adversary party at a distinct disadvantage. Compare, for example, *People v Dekle* (56 NY2d 835), a robbery conviction, where the defendant removed a radio from a store without paying for it and was charged with threatening security guards with a knife outside in the street. On appeal, the defendant sought for the first time to present the claim that the theft constituted "larceny" and not "robbery" since the force used was not "immediately after the taking" (Penal Law § 160.00 [1]) but was during his flight from a completed larceny. The trial court had charged that " ' "Immediately" means straight away, promptly, has its ordinary meaning—no more and no less. No specific time is required for immediately.' " *(Supra,* at 836.) Because the defendant had not taken exception to that charge, the Court of Appeals held that the error was not preserved. Clearly the nature of this alleged error was not sufficiency of proof, but the legal test under which the admittedly sufficient quantum of proof was to be evaluated by the jury.

In *People v Gomez* (67 NY2d 843), the defendant forged some stolen blank checks. The issue raised on appeal was whether the aggregate amount on the recovered checks was sufficiently proven to meet the monetary threshold for possession of stolen property in the second degree, or whether the checks should have been assigned the purely nominal "paper" value they had at the time they were stolen. The Court of Appeals ruled that the defendant's failure to raise this novel strategy as a point of law at the trial level rendered the issue unpreserved for appeal, citing *Dekle (supra).*

Even where the issue of threshold value has been permitted to be raised for the first time on appeal, caution must be exercised in scrutinizing the statute at hand before concluding that the principle should be applied in such a situation as presently before the Court. In affirming a conviction for

possession of stolen property in the third degree in *People v White* (167 AD2d 256, *lv denied* 77 NY2d 912), for example, we nonetheless considered the statutory threshold sufficiency issue raised for the first time on appeal, on *Kilpatrick* grounds. But what distinguishes the monetary threshold cases from the *Ryan* situation is that in the former, the issue is the *value* of the stolen property, not the defendant's *knowledge* of that value. Second, the syntactical construction of the stolen property statute limits the defendant's knowledge to the element of *possession*, which is clearly isolated from the element of value.

We have examined defendant's other points relating to denial of suppression, and the court's refusal to issue a material witness order in connection therewith, and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Tom, J.

Asch, J., dissents in a memorandum as follows: I am not as certain as the majority that *People v Ryan* (82 NY2d 497) *must* be retroactively applied. In *Ryan* the Court of Appeals found that there was a statutory *mens rea* requirement associated with the weight of a controlled substance. However, in an analogous situation, *People v Antommarchi* (80 NY2d 247) was also decided on statutory grounds (CPL 260.20) and expressly was held to have only prospective effect to cases in which jury selection occurred after the date of that decision *(People v Mitchell,* 80 NY2d 519, 529; *see also, People v Sprowal,* 84 NY2d 113).

Further, as the majority acknowledges, the court, in this case, did not charge the jury that the People had to prove the defendant had knowledge of the weight of the controlled substance and the defendant did not request such a charge or object to its omission. While the majority asserts that the defendant preserved the *Ryan* objection, citing *People v Kilpatrick* (143 AD2d 1), "[i]n *Kilpatrick,* however, this Court emphasized that care must be taken 'to distinguish a challenge addressed to the sufficiency of the evidence from one involving a claim of error in the trial court's charge or instructions to the jury.' *(supra,* at 2). Thus, as both *Dekle [People v Dekle,* 56 NY2d 835] and *Kilpatrick* recognize, a true sufficiency challenge is presented only when the trial evidence is challenged as legally insufficient to establish the relevant crime *as that crime was charged to the jury"* (People v Ivey, 204 AD2d 16, 18 [Sullivan, J.] [decided herewith]; emphasis added).

The cases cited by the majority for the proposition that we have adhered to the preservation analysis in *Kilpatrick (supra)* are not contrary to the rule set forth in *Kilpatrick* as interpreted in *People v Ivey (supra)*, with which I agree. Thus, in *People v Abdullah* (164 AD2d 260), which I wrote for a unanimous Bench, the issue was not the *mens rea* of the defendant, but the failure of the People to prove the *actual* weight of the controlled substance. In *Abdullah,* this was an element of the crime of possession, expressly *charged* by the Court *(supra,* at 263-264). Therefore, while not explicitly stated, we found the evidence legally insufficient "as that crime was charged to the jury" *(People v Ivey, supra,* at 18). This is inapposite to the situation herein where the *mens rea* element was *not* charged. *People·v Blacknall* (185 AD2d 108, *lv denied* 80 NY2d 1025) deals with the sufficiency of the evidence of "physical injury" as an element of robbery in the second degree and there is no indication in that decision that the court did not charge with respect to this element of the crime. *People v Atkins* (173 AD2d 424) simply contained a statement which was dicta that we were unpersuaded that *Kilpatrick* was wrongly decided. *People v Rodriguez* (164 AD2d 832) involved a bench trial, not a trial by jury. In addition, the indictment voted by the Grand Jury was constructively amended by the trial court, and thus we found reversal required by *People v Grega* (72 NY2d 489, 496). In *People v Watson* (163 AD2d 253, *lv withdrawn* 76 NY2d 992), we found that the evidence was legally insufficient to prove that defendant had no license or privilege to enter a school, and thus the People failed to meet their burden of proving every essential element of third degree burglary. There is no indication in *Watson* that the trial court did not charge as to this element.

I agree with our holding in *Kilpatrick (supra)*. However, again, "a true sufficiency challenge is presented only when the trial evidence is challenged as legally insufficient to establish the relevant crime *as that crime was charged to the jury"* *(People v Ivey, supra,* at 18; emphasis added).

Accordingly, the claim herein is unpreserved and this Court is precluded from considering it as a matter of law (CPL 470.05 [2]).