■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SHAW, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Groh, J.), both rendered December 13, 1989, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. 10235/89, upon a jury verdict, and criminal possession of a controlled substance in the third degree under Indictment No. 10007/89, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the People failed to present legally sufficient proof that he possessed 500 milligrams of "pure" cocaine (see, Penal Law § 220.06 [5]) because the testimony of the prosecution's expert witness regarding the weight of the cocaine was based on a hearsay report. The expert, who performed a chemical analysis of the cocaine, testified that she

calculated its pure weight based in part upon the results of a mass spectrometry test which she did not perform. We find that this issue is unpreserved for appellate review as a matter of law since no objection was made on this ground during the expert's testimony *(see, Hambsch v New York City Tr. Auth., 63 NY2d 723)*. In any event, the defendant has not established on the record before us that the expert's opinion was inadmissible *(see, e.g., People v Sugden, 35 NY2d 453; People v Fitzgibbon, 166 AD2d 745; Holshek v Stokes, 122 AD2d 777; Tinao v City of New York, 112 AD2d 363; cf., People v Jones, 73 NY2d 427)*.

We find that the sentences imposed were not excessive *(see, People v Suitte, 90 AD2d 80)*. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.