■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HARRIS, Appellant.—Judgment, Supreme Court, New York County (Jerome W. Marks, J.), rendered May 17, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth and seventh degrees, and sentencing him as a predicate felony offender, to concurrent terms of imprisonment of 2-½ to 5 years and 1 year, respectively, unanimously affirmed.

Contrary to defendant's argument on appeal, the authenticity of the contraband was adequately established by evidence which provided reasonable assurances of its identity and unchanged condition *(People v Julian,* 41 NY2d 340, 343). While there was no testimony by Property Clerk personnel or the first chemist, the contraband was under police control and remained in identifiable containers at all times. Since there is no reasonable probability that the results of the trial would have been different had the trial assistant secured and then turned over the notes of the first chemist, if any, defendant's argument that the prosecutor violated his obligations under CPL 240.20 does not warrant a reversal *(People v Chin,* 67 NY2d 22, 33). Defendant made an issue of the notes only because the first chemist was not currently employed by the police department *(see generally, People v Allgood,* 70 NY2d 812), but the reliability of the first chemist's conclusions was not posed as an issue at trial. We also reject defendant's argument that the testimony of the principal police witness was contrary to reason and incredible as a matter of law *(see generally, People v Berrios,* 28 NY2d 361), and, accordingly, will not disturb the determination of the jury *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Finally, defendant's arguments that he was deprived of a fair trial by the prosecutor's summation are largely unpreserved, and in any event, without merit. The prosecutor was entitled to draw fair inferences from the evidence and to reply to counsel's summation *(People v Marks,* 6 NY2d 67, 77-78). Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.