■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL OLIN, Appellant.—Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered October 25,

1989, convicting defendant, after a jury trial, of two counts of a criminal sale of a controlled substance in the third degree and two counts of a criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of imprisonment of 3 to 9 years, unanimously affirmed.

Defendant contends that the two vials of cocaine he allegedly sold to the undercover officer should have been suppressed by the trial court because the chain of custody was broken when neither the police sergeant who supervised this buy and bust operation nor the police chemist who first tested the contents of the vials testified at trial. We agree with the People that this argument is unpreserved, defendant's trial counsel having made no objections concerning the sergeant's failure to testify (CPL 470.05 [2]). In any event, were we to reach the issue in the interest of justice, we would find that the sergeant's participation in the vouchering of the two vials was so insignificant, consisting of little more than his passing the sealed envelope containing the vials to other police officers for a laboratory analysis, that the authenticity of the contraband was not made uncertain by his failure to testify. "While there was no testimony by [the sergeant], the contraband was under police control and remained in identifiable containers at all times" *(People v Harris,* 181 AD2d 578).

Nor was it error for the trial court to admit the two vials into evidence upon the basis of the testimony of a police chemist who retested them, when the retest was done because the chemist who first tested the vials was on vacation and out of the State at the time of the trial. Here again, the evidence was sufficient to establish the identity and integrity of the vials.

Finally, there is no merit to the defendant's contention that the trial court erred in not discharging juror number 11 upon the ground that he could no longer be impartial after juror number 5, who was discharged, testified that she had told juror number 11 that she recognized a defense witness and was "uptight" about it. The trial court having made an adequate "probing and tactful inquiry" of jurors 5 and 11 concerning the communication *(People v Cargill,* 70 NY2d 687, 689), its determination on the question of bias is entitled to great weight *(People v Michael,* 48 NY2d 1, 10). Concur— Wallach, J. P., Kupferman, Asch and Rubin, JJ.