■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant.—Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered December 19, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the fourth degree and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years on each third degree sale and possession count and 4 to 8 years for each fourth degree possession count, unanimously affirmed.

Defendant's contention that there was an insufficient basis for the hearing court to find probable cause for his arrest in the absence of testimony by the undercover police officer is unpreserved (CPL 470.05 [2]). In any case, defendant's argument is meritless as defendant was arrested based upon a radio transmission from the undercover officer which established probable cause for defendant's arrest *(People v Petralia,* 62 NY2d 47).

Defendant's argument that the drugs recovered from him and his accomplices were inadmissible because the People failed to establish a continuous chain of custody or present reasonable assurances of the identity and unchanged condition of the evidence is, for the most part, unpreserved (CPL 470.05 [2]). In any case, defendant's argument is meritless since reasonable assurances of the identity and unchanged condition of the drugs were present under the circumstances in this case, where the drugs remained in police custody the entire time and the chemists testified that the envelopes they re-

ceived were sealed *(People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976). Finally, contrary to defendant's appellate argument, his convictions are supported by the weight of the evidence *(People v Bleakley,* 69 NY2d 490). Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.