■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GREGG, Appellant. [611 NYS2d 151] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered

October 22, 1991, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, to be served concurrently with a term of 3 to 6 years imposed pursuant to an unrelated judgment of the same court entered on the same date, following defendant's plea of guilty to attempted criminal sale of a controlled substance in the third degree, unanimously modified, on the law, to reduce the conviction to criminal possession of a controlled substance in the seventh degree and remand for resentencing, and otherwise affirmed.

The record supports the hearing court's findings that the police properly approached defendant for inquiry purposes based on the grounds that he fit the radioed description of a man with a gun at a specified location, quickened his pace at the sight of the officers, and attempted to force his way into a locked van parked nearby (People v De Bour, 40 NY2d 210). These circumstances, combined with the officer's belief that he heard the sound of a small caliber gun falling to the ground at defendant's feet, provided a reasonable suspicion that defendant was committing a crime, and, therefore, justification for the forcible stop and seizure of defendant (supra). As the police action in approaching and seizing defendant was lawful, the cocaine recovered from the envelope and tin container dropped by defendant (which provided probable cause for defendant's arrest) was properly found to be abandoned by defendant as a calculated risk, and thus admissible at trial (see, People v Marrero, 173 AD2d 244, lv dismissed 78 NY2d 969).

The trial court appropriately exercised its discretion in denying defense counsel's application to demonstrate to the jury the sound of a small tin container hitting the ground, for the purpose of challenging the police officer's testimony that a tin container dropped by defendant sounded to him like a small caliber gun being dropped, as it would be impossible to recreate the precise conditions under which the testifying officer heard the sound in question (e.g., the force used in dropping the tin container; the surrounding street noise, or lack thereof) and there was no indication that the members of the jury would be able (as defendant apparently speculated) to compare that sound with the sound of a small caliber gun dropping to the ground (see, People v Acevedo, 40 NY2d 701, 704).

While the evidence supports a conviction for criminal pos-

session of a controlled substance in the seventh degree (charged to the jury as a lesser included offense), it does not support a conviction for criminal possession of a controlled substance in the third degree as there is no competent evidence to prove that defendant had knowledge of the weight of the drugs involved *(People v Ryan,* 82 NY2d 497).

Defendant failed to preserve his current claim that the trial court erred procedurally in swearing in the venirepersons as a panel. In any event, defendant has failed to show any real prejudice and thus any error would be rendered harmless *(see, People v Cassado,* 156 AD2d 183, *lv denied* 75 NY2d 917). Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.