■ The People of the State of New York, Respondent, v

MIKE GRAY, Appellant. [613 NYS2d 170] —Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered May 22, 1991, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and sentenced him to 5 years probation, and which resentenced him to a term of imprisonment of 1½ to 4½ years for violating probation, that sentence to run concurrently with the prison term imposed under another unrelated conviction, unanimously modified, on the law, to reduce the conviction to criminal possession of a controlled substance in the seventh degree and remand for resentencing, and otherwise affirmed.

Defendant's assertions that the evidence does not support a conviction for criminal possession of a controlled substance in the fourth degree or that he possessed over one-eighth ounce of cocaine are, contrary to the People's contentions, preserved for this Court's review as a matter of law (People v Kilpatrick, 143 AD2d 1). Defendant properly argues that the evidence does not support the crime for which he was convicted since there was no competent evidence to prove that defendant had knowledge of the weight of the drugs involved (People v Ryan, 82 NY2d 497). Since the evidence supports a conviction for criminal possession of a controlled substance in the seventh degree, modification to that lesser count is required.

Defendant's claim that the court's jury charge deprived him of a fair trial is unpreserved (CPL 470.05; People v Iannelli, 69 NY2d 684, cert denied 482 US 914; People v Encarnacion, 190 AD2d 607, lv denied 81 NY2d 1072), and we decline to review it in the interest of justice. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.