[618 NYS2d 267]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO TEJADA, Also Known as RUBIN RODRIGUEZ, Appellant.

First Department, September 27, 1994

MEMORANDUM.

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered April 20, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, affirmed. *Sua sponte,* leave to appeal to the Court of Appeals is hereby granted by Justice Tom.

In the absence of an objection to the court's charge, which did not apply the scienter requirement to the weight element of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant's claim that the evidence was legally insufficient to prove his knowledge of the weight of the drugs *(see, People v Ryan,* 82 NY2d 497) has not been preserved for our review, and we decline to address it in the interest of justice *(see, People v Ivey,* 204 AD2d 16 [decided herewith]).

Defendant's additional claims of error are also unpreserved (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). If we were to review them in the interest of justice, we would affirm. Concur—Sullivan, J. P., Kupferman and Asch, JJ.

Wallach and Tom, JJ., dissent in part in a memorandum by Tom, J., as follows: At trial, Police Officer Raymond Brickley testified that at approximately 2:00 P.M. on November 3, 1989, he and his partner, Sergeant Sullivan, were on plainclothes duty in an unmarked police car and were parked on University Avenue at 183rd Street. At that time, Officer Brickley observed a gypsy cab drive through a red light and the officers attempted to give immediate pursuit but, by the time they maneuvered around traffic, the cab had picked up two male passengers at the far side of the intersection.

The officers subsequently activated their siren and pulled the cab over at the intersection of University Avenue and Hall of Fame Terrace. The officers left their car and approached the cab on opposite sides with Officer Brickley on the driver's side. While the driver of the cab searched for his

papers, Officer Brickley observed that the codefendant, sitting in the rear passenger side seat, was attempting to slide a brown, zippered pouch to defendant, who was sitting across from him.

Defendant, upon receiving the pouch, dropped it onto the floor of the car and kicked it toward the front seat. Officer Brickley, alarmed because he did not know what the pouch contained, opened the rear door of the cab, directed defendant to move over, and retrieved the pouch. Officer Brickley unzipped the pouch and discovered foil packets which he believed contained cocaine.

In the interim, Police Officer Glen Whitter and his partner were in a marked radio motor patrol unit when they noticed the plainclothes officers stop the livery cab. Officer Whitter parked his police car behind the unmarked car in order to observe and saw Officer Brickley reach into the cab, remove the pouch and announce he had recovered cocaine.

Officer Brickley issued summonses to the cab driver for failing to stop for a red light and driving without a license, arrested defendant and codefendant, and vouchered the pouch and the 22 foil packets contained therein. A twenty-third packet was recovered from codefendant upon a search incident to arrest at the precinct. A police chemist subsequently testified that the packets contained an aggregate of one eighth of an ounce plus 33.4 grains of a substance containing cocaine.

Defendant, by judgment rendered April 20, 1993, was convicted of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) and sentenced, as a second felony offender, to a term of 5 to 10 years. Penal Law § 220.09 (1) states: "A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses * * * one or more preparations, compounds, mixtures or substances of an aggregate weight of one-eighth ounce or more containing a narcotic drug".

Defendant now argues, *inter alia,* that since the People failed to prove that he knowingly possessed the statutory required quantity of the controlled substance, his conviction should be reversed pursuant to *People v Ryan* (82 NY2d 497).

As I set forth in my partial dissent in *People v Barnes* (204 AD2d 33, 36 [decided herewith]), I would reject the People's arguments and find that *Ryan (supra)* should be applied retroactively and that the issue of the insufficiency of the evidence should be reached pursuant to *People v Kilpatrick*

(143 AD2d 1) and its progeny as well as in the interests of justice.

In the instant action, the People failed to prove that defendant knowingly possessed a substance only 33.4 grains (approximately one tenth of an ounce) more than the statutory threshold necessary for conviction of criminal possession of a controlled substance in the fourth degree. The People's contention that defendant's handling of the bag indicated that he was aware that he would be subject to "severe penalties" if caught is unconvincing as the hallmarks of a street drug operation are absent in this case and it appears he was merely attempting to conceal the package in his brief contact with it.

As a result, I would reduce defendant's conviction to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), remand the matter for resentencing, and otherwise affirm.