[618 NYS2d 263]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL BARNES, Appellant.

First Department, September 27, 1994

MEMORANDUM.

Judgment, Supreme Court, New York County (Harold J.
Rothwax, J.), rendered May 27, 1992, convicting defendant,
after a jury trial, of criminal possession of a controlled sub-
stance in the fifth degree, for which he was sentenced, as a
second felony offender, to a term of 3½ to 7 years, affirmed.
*Sua sponte,* leave to appeal to the Court of Appeals is hereby
granted by Justice Rosenberger.

Acting upon a tip from a passerby who motioned in defen-
dant's direction and told them that "a young black kid" was
across the street selling drugs, two uniformed police officers
who were on foot patrol at Eighth Avenue and 41st Street
immediately approached defendant. As they got to within 10
feet of defendant, he threw a bag to the ground. While one
officer attempted to question defendant, the other officer re-
trieved the bag, which contained 22 vials of crack. Defendant
then struck the officer questioning him in the head with his
elbow and tried to run away and, after a scuffle, he was seized
and placed under arrest. At trial, the police chemists testified
that the vials of crack contained 887 milligrams of pure
cocaine.

Among other issues, defendant argues in his supplemental
brief that his conviction should be reduced from the class D
felony of criminal possession of a controlled substance in the
fifth degree to the class A misdemeanor of criminal possession
of a controlled substance in the seventh degree in light of the
recent decision in *People v Ryan* (82 NY2d 497) inasmuch as
the People's trial evidence was insufficient to prove that the
vials of crack contained at least 500 milligrams of pure
cocaine.

As was usual in these pre-*Ryan* cases, everyone proceeded at
trial on the premise that there was no *mens rea* requirement
with regard to the weight element of a drug possession charge.
Although the defense made a nonspecific motion to dismiss for
legal insufficiency at the close of the People's case, there was
no suggestion at that point that the *mens rea* requirement of
knowledge applied to the weight of the drugs. The defense's
subsequent request that the court charge the lesser count of

criminal possession of a controlled substance in the seventh degree was made not on the ground that the evidence was insufficient to prove that he knew that the weight of the cocaine he possessed equalled or exceeded 500 milligrams, but rather that "based on the testimony of the chemist the jury could draw a reasonable inference that the weight was somehow less than five hundred milligrams" because "we are not dealing with a substantial amount over that." The court declined to submit the lesser included offense to the jury inasmuch as "3 hundred 87 [sic] more than five hundred. That is a lot" and it was satisfied that there was no reasonable view of the evidence under which the jury could find defendant not guilty of the felony but find him guilty of the misdemeanor.

We agree and for the reasons set forth by Justice Sullivan in his opinion in *People v Ivey* (204 AD2d 16 [decided herewith]), we find that defendant has failed to preserve the present issue for review, nor do we reach such issue in the interest of justice.

We have considered defendant's other points and find them to be without merit. Concur—Kupferman, Ross and Nardelli, JJ. Rosenberger, J. P., and Tom, J., dissent in part, each in a separate memorandum as follows:

Rosenberger, J. P. (dissenting in part).

The evidence was insufficient as a matter of law to support the finding that the defendant knew that he possessed 500 milligrams or more of cocaine (Penal Law § 220.06 [5]). I would therefore modify the judgment to the extent of reducing the conviction of criminal possession of a controlled substance in the fifth degree to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), vacate the sentence imposed, remit the matter for resentencing and otherwise affirm.

Although evidence that a defendant handled a controlled substance, together with other circumstantial evidence, may create an inference that the possessor knew the weight of the controlled substance which he possessed *(see, People v Ryan,* 82 NY2d 497), here, the People failed to prove that the defendant knew that he possessed 500 milligrams or more of cocaine *(see, People v Cooper,* 204 AD2d 24 [decided herewith]; *People v Gray,* 205 AD2d 353; *People v Gregg,* 203 AD2d 188). Contrary to the majority's conclusion, the issue has been pre-

served for our review *(see, People v Cooper, supra; People v Gray, supra; People v Kilpatrick,* 143 AD2d 1).

The difference between misdemeanor weight and the amount of cocaine possessed by the defendant was .01365 ounce, an amount so small that it would be virtually impossible for a human to determine merely by its handling. Moreover, there is nothing in the record to suggest that the defendant knew the weight of the substance as distinct from the weight of the glass vials which contained it.

Accordingly, there was insufficient evidence to satisfy the knowledge requirement within the meaning of Penal Law § 220.06 (5).

Tom, J. (dissenting in part).

I disagree with the majority and would modify the judgment of the trial court.

In *People v Ryan* (82 NY2d 497), the Court of Appeals held that if a single *mens rea* is set forth in a criminal statute, it applies to all elements of the offense contained therein. Applying the foregoing to Penal Law § 220.18 (5) (criminal possession of a controlled substance in the second degree), the Court concluded that the weight of the controlled substance is not a strict liability element and, therefore, it is incumbent upon the People to prove that the defendant knowingly possessed the weight of the controlled substance set forth in the statute.

While *Ryan (supra)* was decided subsequent to the instant case, defendant's conviction must be modified based on the fundamental principle that the People have the burden of proving in the first instance each element of the crime charged beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). If the burden of proof is not met, the People's case is legally insufficient and cannot support a conviction. Simply, the People in this case have failed to prove the element of *mens rea* as to the weight of the controlled substance, as expounded in *Ryan,* to support a conviction of criminal possession of a controlled substance in the fifth degree. It would, therefore, be manifestly unfair and a denial of due process to uphold defendant's conviction, pursuant to *Ryan,* as the People have failed to prove the requisite elements of the crime charged.

The People argue that *Ryan (supra)* should be applied prospectively only; that the issue was not preserved and should not be reached in the interest of justice; and that

defendant's knowledge of the weight was proven circumstantially.

I find that the issue has been preserved for our review. The record reflects that defendant, at the close of the People's case, moved for a trial order of dismissal pursuant to CPL 290.10 (1) on the ground that the People failed to offer proof legally sufficient to establish the offense charged, thus preserving the issue for review.

Although defendant, in this pre-*Ryan* case, did not specifically request a charge on the requirement of the knowledge of weight of the cocaine, in *People v Kilpatrick* (143 AD2d 1, 3), we held that: "Where, as here, the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense of which he was convicted, the Appellate Division, pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment, on the law, whether or not the defendant expressly or impliedly requested or protested the trial court's ruling on the issue in accordance with CPL 470.05. Consequently, the People's claim that this issue has not been preserved for our review is without merit *(People v James* [111 AD2d 254, *affd* 67 NY2d 662])."

We have, in the past, declined to reconsider our holding in *Kilpatrick (supra; see, e.g., People v Blacknall,* 185 AD2d 108, *lv denied* 80 NY2d 1025; *People v Atkins,* 173 AD2d 424; *People v White,* 167 AD2d 256, *lv denied* 77 NY2d 912; *People v Rodriguez,* 164 AD2d 832) and although I recognize that the Second Department has taken a contrary view *(see, e.g., People v Okehoffurum,* 201 AD2d 508; *People v Downs,* 195 AD2d 477, *lv denied* 82 NY2d 753; *but see, People v James, supra),* I would, in light of *Kilpatrick* and its progeny, coupled with the recent holding in *Ryan (supra),* conclude that the issue is preserved.

I would also find *Ryan (supra)* should have retrospective application since *Ryan* is not a newly pronounced legal principle but is purely an interpretation of prior existing law.

In *People v Favor* (82 NY2d 254, 263), the Court of Appeals held that: " '[a] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle' *(Gurnee v Aetna Life & Cas. Co.* [55 NY2d 184], at 192). Further, retroactively should not be in question when a court's ruling merely applies previously established principles in a new factual setting or settles a question in a manner *that was clearly foreshadowed"* (emphasis added).

The foregoing is pivotal as the Court in *Ryan (supra)* took pains to point out that knowledge of the weight requirement had been "suggested" in a number of its prior decisions *(People v Ryan, supra,* at 504, citing *People v Scarborough,* 49 NY2d 364, 374; *People v Reisman,* 29 NY2d 278, 287).

Turning to the facts of this case, defendant was convicted of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), a class D felony. Testimony at trial revealed that the pure weight of the cocaine found to have been possessed by defendant was 887 milligrams, or more than the 500 milligrams, pure weight, necessary for conviction pursuant to Penal Law § 220.06 (5).

The People, relying on *People v Harmon* (181 AD2d 34, 37) and the memorandum cited therein (State Exec Dept re L 1988, ch 178, 1988 McKinney's Session Laws of NY, at 1983-1984), argue that because crack is recognized as a concentrated form of cocaine with few impurities (the crack in the present action was 87.8% pure cocaine), the defendant should be charged with knowledge of its purity, and, therefore, its weight. The People also attempt to distinguish *Ryan (supra)* because in *Ryan,* the Court noted that the amount of psilocybin in mushrooms is almost impossible to determine, and, therefore, defendant could not have been aware of how much of the hallucinogen he possessed. In the instant case, because of its purity and the fact that defendant handled the drugs, the People urge that knowledge of its weight can be inferred.

The problem with the People's argument is twofold. In the first instance, there is no evidence that defendant had anything to do with the crack's manufacture and, therefore, the degree of purity. Nor is there any evidence that defendant was aware of, or had read, the Executive Department memorandum.

Secondly, and most important, the difference between conviction of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a misdemeanor, and criminal possession of a controlled substance in the fifth degree is, in this case, the difference between 500 milligrams (the statutory limit) and 887 milligrams (what defendant was convicted of possessing), or, in nonmetric measurements, approximately .01365 ounce. This, in my view, is incapable of determination by human handling.

With regard to the People's remaining arguments, I agree with the reasoning and conclusions set forth by the majority

in *People v Cooper* (204 AD2d 24 [decided herewith]) and would find them to be without merit.

As a result of the foregoing, I would reduce defendant's conviction of criminal possession of a controlled substance in the fifth degree to criminal possession of a controlled substance in the seventh degree, remand the matter for resentencing, and otherwise affirm.