■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MILLER, Defendant-Appellant. [618 NYS2d 279] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered July 30, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the fifth degree and seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 1 year, respectively, affirmed.

Defendant relies on the decision in *People v Ryan* (82 NY2d 497), which concluded (1) that the "knowingly" requirement of Penal Law § 220.18, there setting forth the elements of criminal possession of a controlled substance in the second degree, applies also to the *weight* of the controlled substance, and (2) that there "the trial evidence was insufficient to satisfy that mental culpability element" *(supra,* at 499). Defendant's challenge here to the sufficiency of proof as to his knowledge of the weight of the controlled substance, however, was not preserved; he failed to object to the charge as given to the jury, and the Court's consideration of his claim is foreclosed as a matter of law *(People v Ivey,* 204 AD2d 16). Moreover, even if the issue had been preserved, it has not been shown that the trial evidence here was insufficient to satisfy the mental culpability element. "In examining the record for legal sufficiency, 'the evidence must be viewed in a light most favorable to the People * * * to determine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " *(People v Acosta,* 80 NY2d 665,

672, quoting *People v Steinberg,* 79 NY2d 673, 681-682; *see, People v Ryan, supra,* at 499). Defendant had 13 vials of crack containing, in all, 1,099 milligrams of cocaine, more than twice the 500 milligram element of criminal possession of a controlled substance in the fifth degree set forth in Penal Law § 220.06 (5). It is not that he would be expected to know the weight of the cocaine by hefting the vials in his hand but that a "rational jury" might conclude that a person observed making hand-to-hand contacts with several passers-by in the street and in possession of 13 vials containing 1,099 milligrams of cocaine when the police thereafter approached him, would know the nature and weight of the essential element in the product he was carrying. The Court of Appeals in *Ryan (supra,* at 505) recognized that "[o]ften there will be evidence from which the requisite knowledge may be deduced." In *Ryan,* however, the Court was dealing with a conviction for attempted possession of psilocybin, a hallucinogen, in a package of mushrooms, and noted that the same inference may be unavailable for such controlled substances measured by pure weight for purposes of the statutory definitions of the crime but customarily combined with other substances to facilitate handling and use *(supra,* at 505). Penal Law § 220.06 (5), for violation of which defendant here was convicted, is similarly in terms of pure weight, but of cocaine, a much more common drug in our society and one commonly sold in the form of crack in vials. Here the test described in *Ryan (supra,* at 506), "whether sufficient evidence was presented at trial from which it could be inferred that defendant had the requisite knowledge of * * * weight" would have been met if the question had been preserved.

Nor did the People fail, as claimed by defendant, to provide reasonable assurances of the identity and unchanged circumstances of the cocaine introduced at trial, where it had remained in police custody and in identifiable containers at all relevant times *(see, People v Smith,* 189 AD2d 652, *lv denied* 81 NY2d 977; *People v Harris,* 181 AD2d 578, *lv denied* 80 NY2d 895), and thus any deficiencies in the People's proof of chain of custody, such as their not calling every police employee who had handled the cocaine *(see, e.g., People v Farga,* 180 AD2d 484, *lv denied* 80 NY2d 830), or the first chemist who had tested it when another chemist who did a second test was available *(see, e.g., People v Olin,* 186 AD2d 74), go to the weight of the evidence and not its admissibility *(see, People v Rivera,* 184 AD2d 153, 156). There was no creditable evidence that the drugs recovered from defendant were commingled

with other contraband. Concur—Carro, J. P., Kupferman, and Nardelli, JJ.

Tom, J., concurs in a separate memorandum and Rosenberger, J., dissents in part in a memorandum, all as follows:

Tom, J. (concurring).

I concur in the result reached by the majority although I disagree with their initial conclusion that the *Ryan* issue is unpreserved. As I set forth in my dissent in *People v Barnes* (204 AD2d 33, 36), in instances where, as here, the defendant moves for an order of dismissal on the ground that the People failed to establish the offense charged, the issue is preserved pursuant to our holding in *People v Kilpatrick* (143 AD2d 1) and its progeny.

I do agree, however, that in this case an inference may be drawn that defendant was aware of the quantity of cocaine he possessed. In *People v Ryan* (82 NY2d 497, 505), the Court held that "Often there will be evidence from which the requisite knowledge may be deduced". Here, the testimony of the arresting officer, Ann Moynihan, reveals that she observed defendant, for a period over one hour, engaged in several (five or six) hand-to-hand transactions with different, unidentified individuals who thereafter left the vicinity. Upon being approached by Officer Moynihan and her partner, Police Officer Richard Duffy, defendant stated that he was waiting for a train, although there were no stations nearby. Defendant subsequently removed 13 vials from his pocket which contained crack cocaine and handed them to Officer Moynihan, who placed defendant under arrest.

While defendant was never charged with the sale of narcotics, the foregoing circumstances coupled with the fact that the furtive hand-to-hand transactions were made in a drug prone area and a significant amount of cash was recovered from defendant, provide sufficient evidence from which the knowledge of the weight may be deduced *(People v Ryan, supra)*. Based on the evidence presented, a jury could reasonably infer that defendant was in fact selling drugs and would, therefore, be cognizant of exactly what he had in his possession. Defendant being a seller or merchant of cocaine could be presumed to have had knowledge of the quantity of the merchandise he was selling, especially since the sales price is based upon the quantity of cocaine. Further, it may be readily inferred that the vials recovered from defendant, which were either hexagonal (flat-sided) or round, and which contained a blue or a red cap, were coded for weight and pricing purposes.

In addition, the weight of the cocaine recovered was more than twice the statutory limit set forth in Penal Law § 220.06 (5), criminal possession of a controlled substance in the fifth degree, of which defendant was ultimately convicted. I, therefore, concur in the affirmance of the IAS Court.

Rosenberger, J. (dissenting in part).

Since the evidence was insufficient as a matter of law to support the finding that the defendant knew that he possessed 500 milligrams or more of cocaine (Penal Law § 220.06 [5]), I would modify the judgment to the extent of reducing the conviction of criminal possession of a controlled substance in the fifth degree to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), vacate the sentence imposed on that count, and substitute therefor a concurrent definite sentence of 1 year, and otherwise affirmed.

The People here failed to prove that the defendant knew that he possessed 500 milligrams or more of cocaine (see, People v Ryan, 82 NY2d 497). Although the weight of the drug found in the vials was 1,099 milligrams, the amount was minuscule. The difference between misdemeanor weight and the amount of cocaine possessed by this defendant was .02113 ounce. That one could determine this difference simply by handling it, defies human experience.

Evidence establishing that a defendant handled a controlled substance, together with other circumstantial evidence, may create an inference that the possesor knew the weight of the controlled substance which he possessed (People v Ryan, supra). However, that observation by the Court of Appeals is limited to aggregate weight crimes, and specifically distinguished by the Court from pure weight crimes, such as the one here in issue. The fact that the defendant held 13 vials in his hand, failed to establish his knowledge of the weight of the cocaine itself. The defendant was not charged with selling drugs. The prosecutor went so far as to remind the jury, in summation, that there was no evidence indicating that the defendant was seen selling drugs. There is nothing in the record to suggest that the defendant knew the weight of the substance as distinct from the weight of the glass vials which contained it, nor was there evidence establishing the weight of the vials themselves. Moreover, it was not established that crack cocaine is sold by weight, nor was there evidence introduced to establish the typical weight of cocaine that would be found in a vial.

In sum, there was insufficient evidence to satisfy the knowl-

edge requirement within the meaning of Penal Law § 220.06 (5).