■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT YOUNG, Appellant. [623 NYS2d 97] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered December 16, 1992, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and sentenced him, as a second felony offender, to a term of 3 to 6 years, affirmed.

Upon seeing New York Housing Authority Police Officers, defendant dropped a bag containing 40 vials of cocaine. Defendant claims that the evidence was insufficient to prove that the vials of crack contained at least one-eighth ounce of cocaine or more. This claim is unpreserved and we decline to reach it in the interest of justice *(People v Barnes,* 204 AD2d 33).

Lastly, the remarks made by the prosecutor during summation, to which defense counsel registered only unspecified objections, were made in fair response to the comments defense counsel made during summation *(People v Galloway,* 54 NY2d 396). Concur—Kupferman, J. P., Ross and Williams, JJ.

Tom, J., dissents in part in a memorandum, as follows: At approximately 10:00 P.M. on March 20, 1992, two plainclothes New York City Housing Authority Officers approached the building designated as 229 East 111th Street, a known drug location. One of the officers spotted the defendant, who appeared to be leaving, in the building's vestibule. Defendant, upon seeing the officers, turned, dropped a brown paper bag and walked back into the hallway. Upon searching the bag, the officers found forty vials of what appeared to be crack cocaine and, after a struggle, arrested the defendant.

Contrary to the majority's holding, I conclude that the issue of whether defendant was aware of the quantity of the cocaine he possessed is preserved for our review by defendant's motion for a trial order of dismissal *(People v Cooper,* 204 AD2d 24; *People v Barnes,* 204 AD2d 33, 35 [Tom, J., dissenting]; *People v Kilpatrick,* 143 AD2d 1, 2).

In the case at bar, there was no testimony educed at trial from which defendant's requisite knowledge of the amount of narcotics could be deduced, such as his participation in drug transactions or in negotiations concerning the weight, potency or price of the contraband. Further, there was no evidence regarding defendant's handling of the drugs from which his knowledge of the weight could be inferred *(People v Ryan,* 82 NY2d 497, 505; *People v Miller,* 209 AD2d 187, 189 [Tom, J., concurring]).

As a result, I would modify the judgment of the trial court and reduce defendant's conviction to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), remand the matter for resentencing, and otherwise affirm.