■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GREEN, Appellant. [626 NYS2d 78] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered May 1, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years, and 2 to 4 years, respectively, affirmed.

The trial court properly admitted the testimony of a Police Department chemist regarding the quantitative analysis of the drugs in question performed by a fellow Police Department chemist, on the ground that the testifying chemist's credentials qualified him as an expert in both qualitative and quantitative analysis, who represented that the quantitative analysis procedure relied upon was generally accepted in the profession as reliable in forming a professional opinion *(People v Sugden,* 35 NY2d 453, 460). Defendant's current claim that the quantitative analysis results were inadmissible because there was no testimony regarding the working order of the gas chromatography machine utilized by the Police Department in this case is unpreserved (CPL 470.05; *see, People v Shaw,* 176 AD2d 832, *lv denied* 79 NY2d 832).

Defendant's claim in connection with his conviction of criminal possession of a controlled substance in the fifth degree, that the People's evidence was insufficient to prove his knowledge of the weight of the drugs possessed is unpreserved and we decline to reach it in the interest of justice *(People v Barnes,* 204 AD2d 33, *lv granted* 84 NY2d 874).

Contrary to defendant's claims, the prosecutor did not bolster the People's case in opening, and her comments in summation constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912) and fair comment on the evidence presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). Concur—Kupferman, J. P., Ross and Williams, JJ.

Tom, J., dissents in a memorandum as follows: On November 15, 1991, at approximately 3:40 A.M. an undercover officer, who was participating in a buy and bust operation being conducted on the upper west side of Manhattan by the Manhattan North Narcotics Division, observed defendant standing in the vicinity of West 111th Street and St. Nicholas Avenue. As the officer approached defendant and made eye contact, defendant repeated the word "black" a number of times, apparently referring to black-topped cocaine vials. The officer requested three vials and handed defendant nine-dollars in pre-recorded buy money in exchange for which he received three black-capped vials of crack cocaine.

The undercover officer then returned to his car and radioed his back-up team with a description of defendant as well as his location. Upon being approached by the back-up officers, defendant removed his hand from his pocket and dropped

twenty vials, which were later determined to contain cocaine, to the ground. Defendant was subsequently arrested and identified one or two minutes later by the undercover officer as the individual who had sold him the drugs.

I disagree with the majority's conclusion that the issue of whether the People's evidence was sufficient to prove defendant's knowledge of the weight of the drugs possessed is unpreserved for our review *(People v Cooper,* 204 AD2d 24; *People v Barnes,* 204 AD2d 33, 36 [Tom, J., dissenting]; *People v Kilpatrick,* 143 AD2d 1, 3).

I do, however, find that the evidence presented by the People was sufficient for a reasonable jury to infer that defendant had the requisite knowledge of the weight of the narcotics in his possession *(People v Ryan,* 82 NY2d 497, 505). Testimony revealed that defendant was actively engaged in the sale of cocaine at a pre-set price of $3 per vial. As a retail distributor of narcotics, defendant must certainly have been aware of the value of his inventory and the amount to be charged for such quantity or a portion thereof so as to realize a profit. Accordingly, I conclude, contrary to the holding of *People v Miller* (209 AD2d 187, *lv granted* 84 NY2d 1017 [in which I filed a concurring memorandum which upon reconsideration I now find to be incorrect]), that the matter should be remanded for a new trial to determine if the *mens rea* requirement of the statutes was satisfied *(People v Hill,* 85 NY2d 256).