■ The People of the State of New York, Respondent, v Charles Mensah, Appellant. [640 NYS2d 513] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 2, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Closure of the courtroom during the testimony of the undercover officer was justified by his *Hinton* hearing testimony that he was presently involved in ongoing investigations, that he would be returning in the near future to the exact location where he arrested defendant, and that he had been threatened in the past by subjects of his investigations (*People v Martinez*, 82 NY2d 436, 443; *People v Cid*, 216 AD2d 131, *lv denied* 86 NY2d 872). Granting access to the courtroom to anyone who is not a subject of one of the undercover officer's investigations, as defendant proposed, was not a reasonable alternative to complete closure. The trial court's proposal that defendant specify the persons he wanted present was reasonable, but defendant did not take it up. Concerning chain of custody, that the first chemist who analyzed the heroin purchased by the undercover did not testify, was not fatal to establishing its identity and integrity, the testimony of the undercover and the second chemist being sufficient in that regard (*see*, *People v Olin*, 186 AD2d 74; *People v Jiminez*, 100 AD2d 629). Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.