■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RANSON, Appellant. [675 NYS2d 865] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 17, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third, fifth and seventh degrees, and sentencing him to concurrent prison terms of 11 to 22 years, 3 to 6 years, and 1 year, respectively, unanimously modified, on the law, to the extent of vacating the conviction of criminal possession of a controlled substance in the seventh degree and dismissing that count, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The detective's observation of defendant exchanging an object for money, combined with defendant's possession of 16 bags of crack and $224, provided ample evidence of intent to sell. This and defendant's handling of the plastic bags containing crack "connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession" (*People v Sanchez*, 86 NY2d 27, 33). Issues of credibility were properly presented to the jury, which saw and heard the witnesses, and we see no reason to disturb its determinations.

The challenged background testimony on street level narcotics transactions clarified issues beyond the ken of the ordinary juror (*see*, *People v Taylor*, 75 NY2d 277, 288) and did not mislead the jury into believing that defendant was involved in

a large scale narcotics organization or divert their attention to the drug trade in general instead of the charges against defendant (*see, People v Lacey*, 245 AD2d 145, *lv denied* 91 NY2d 927).

The count of criminal possession of a controlled substance in the seventh degree relating to cocaine, as conceded by the People, must be dismissed as an inclusory concurrent count of third-degree possession.

We have considered defendant's other arguments and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.