THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN C. KENDALL, Appellant. [678 NYS2d 182] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1] [reckless manslaughter]) as a lesser included offense of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) for causing the death of an eight-week-old infant who was left in his care. He contends that his conviction should be reduced to criminally negligent homicide (Penal Law § 125.10) because the People failed to offer sufficient evidence that he was consciously aware of and disregarded a substantial risk that his actions in shaking the infant could cause the infant's death. The verdict convicting defendant of reckless manslaughter is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). After initially denying that he hit the infant, defendant gave a statement to the police in which he admitted shaking the infant twice to get him to stop crying. The medical proof established that the cause of death was Shaken Baby Syndrome.

We reject defendant's contention that County Court erred in permitting the People's expert witnesses to demonstrate the mechanics of Shaken Baby Syndrome. Defendant demonstrated to the police how he shook the infant. The officer demonstrated defendant's motions to the jury. The demonstration was proper to explain to the jury the mechanism by which an apparently healthy infant could sustain massive and lethal brain injuries with no apparent external trauma. Because the conditions and circumstances of the demonstration were similar to the original event (*see, People v Estrada,* 109 AD2d 977; *cf., People v Gregg,* 203 AD2d 188, *lv denied* 83 NY2d 911), it was within the sound discretion of the court to allow the demonstration (*see, People v Acevedo,* 40 NY2d 701, 704-705).

There is no merit to defendant's contention that the photographs of the crime scene were improperly admitted into evidence. The photographs were relevant to show the layout of the apartment and the structure of the swing on which defendant alleged that the infant struck his head. The fact that the photographs were taken six hours after the crime was committed and the crime scene was not protected during that period would affect the weight to be given the photographs, not their admissibility.

We conclude from our review of the record that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). In view of defendant's egregious conduct, the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.