■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MATOS, Appellant. [681 NYS2d 236] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered November 17, 1995, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Testimony from the first chemist who analyzed the cocaine was not necessary to establish its identity and integrity, since this was established by the testimony of the police officer who vouchered the cocaine in an identifiable envelope and of the second chemist, who received the cocaine properly sealed in the same envelope (*People v Mensah*, 226 AD2d 161, *lv denied* 88 NY2d 989; *People v Olin*, 186 AD2d 74; *People v Jiminez*, 100 AD2d 629, *lv denied* 62 NY2d 985). Defendant's separate claim that the People failed to establish a complete chain of custody for the cocaine from the time it was vouchered to the time of the second analysis is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the

identity and unchanged condition of the cocaine were reasonably assured by the fact that it was under police control and in an identifiable container the entire time (*People v Julian*, 41 NY2d 340; *People v Harris*, 181 AD2d 578, *lv denied* 80 NY2d 895).

There was ample evidence of defendant's intent to sell, including the police witnesses' observation of him exchanging objects for money and engaging in other conduct consistent with drug trafficking on a street corner known for that activity, his possession upon arrest of 10 bags of cocaine, and his inculpatory statements to the arresting police officer (*People v Ranson*, 251 AD2d 263; *People v Turner*, 228 AD2d 331, 332, *lv denied* 88 NY2d 996). We see no reason to disturb the court's findings concerning the credibility and reliability of the police testimony. Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.