■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE TUTT, Appellant. [758 NYS2d 570] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered November 17, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of arson in the first degree (Penal Law § 150.20), criminal impersonation in the second degree (§ 190.25 [1]) and two counts of murder in the second degree (§ 125.25 [1], [3]). We reject the contention of defendant that Supreme Court erred in denying his request for an adverse inference charge with respect to certain items of property. Those items were not " 'gathered by the prosecution or its agent' " (*People v James*, 93 NY2d 620, 644 [1999] [emphasis omitted]) and there is no indication that the People otherwise had those items "within their possession and control" (*People v O'Brien*, 270 AD2d 433, 434 [2000], *lv denied* 95 NY2d 801 [2000]; *see People v Carpenter*, 187 AD2d 519, 522 [1992], *lv denied* 81 NY2d 838, 1012 [1993]; *see also People v Cannonier*, 236 AD2d 619 [1997], *lv denied* 89 NY2d 1033 [1997]).

Defendant further contends that reversal is warranted based on a *Brady* violation, i.e., the People's failure to disclose a plea agreement between federal authorities and a key prosecution witness (*see People v Sibadan*, 240 AD2d 30, 34 [1998], *lv denied* 92 NY2d 861 [1998]). Even assuming, arguendo, that there was a *Brady* violation in this case, we conclude that reversal is not required because there is no reasonable possibility that the failure to disclose the plea agreement contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]). The evidence of defendant's guilt, without consideration of that witness's testimony, is overwhelming; indeed, another prosecution witness also testified to defendant's admissions of guilt in setting the fire that caused the victim's death. Defendant has not preserved for our review his contention that the testimony of the Medical Examiner improperly invaded the province of the jury (*see People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]), nor has he preserved for our review his contention that the Medical Examiner's opinion was impermissibly based on hearsay (*see People v Shaw*, 176 AD2d 832, 832-833 [1991], *lv denied* 79 NY2d 832 [1991]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The testimony that defendant failed a drug test was

properly admitted because it was "relevant on the issue of his motive in committing the offenses charged" (*People v Yanes*, 243 AD2d 660, 660 [1997], *lv denied* 91 NY2d 883 [1997]). The general motion to dismiss the murder counts, which was made by defendant at the close of the People's case, did not preserve for our review his present contention concerning the legal sufficiency of the evidence with respect to those counts (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant failed to renew his specific motion to dismiss with respect to the arson count at the close of his case and thus has "waived his challenge to the legal sufficiency of the evidence" with respect to that count (*People v Hill*, 300 AD2d 1125, 1126 [2002]; *see generally People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Finally, we reject the contention of defendant that he was denied a fair trial by the cumulative effect of alleged errors at trial. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.