# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

69

KA 16-01106

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DIJON BROWN, DEFENDANT-APPELLANT.

---

JEREMY D. SCHWARTZ, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 2, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (§ 221.05). The charges arose from the seizure of evidence following the stop of the vehicle in which defendant was a passenger. At a suppression hearing, police officers testified that they stopped the vehicle after observing its driver violate Vehicle and Traffic Law § 1144-a (a), which requires every operator of a motor vehicle to "exercise due care to avoid colliding with" a stopped emergency vehicle that is "displaying" its emergency lights.

We reject defendant's contention that County Court erred in reopening the suppression hearing to receive additional testimony to clarify which lights on the police vehicle were illuminated when it was passed by the vehicle in which defendant was riding. Where, as here, the court has not yet rendered its decision on the suppression motion, it is within the court's discretion to reopen the hearing to receive such evidence (*see People v Binion*, 100 AD3d 1514, 1516, *lv denied* 21 NY3d 911; *People v Ramirez*, 44 AD3d 442, 443, *lv denied* 9 NY3d 1008). We note in any event that defendant was not prejudiced by the additional testimony inasmuch as the initial testimony of the officers was sufficient to establish that the overhead emergency lights on the police vehicle were activated. We further conclude that the evidence at the suppression hearing supports the court's determination that the officers acquired "probable cause to believe

that a traffic violation ha[d] occurred," thereby justifying the stop of the vehicle (*Whren v United States*, 517 US 806, 810; *see People v Robinson*, 97 NY2d 341, 349).

Finally, we conclude that defendant's challenge to the constitutionality of Vehicle and Traffic Law § 1144-a is not properly before us because defendant failed to give the requisite notice to the Attorney General (*see* Executive Law § 71 [3]; *People v Hibbert*, 114 AD3d 1134, 1134, *lv denied* 23 NY3d 963; *People v Davis*, 68 AD3d 1653, 1654, *lv denied* 14 NY3d 839).

Entered:  March 24, 2017                              Frances E. Cafarell
                                                     Clerk of the Court