People v Espinal (2019 NY Slip Op 01660)





People v Espinal


2019 NY Slip Op 01660


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8634 1100/10 3410/12

[*1]The People of the State of New York, Respondent,
v
Jose Espinal, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 7, 2013, as amended June 25, 2013, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to an aggregate term of eight years, unanimously affirmed.
The court properly denied defendant's for cause challenge against a prospective juror who was acquainted with one of the testifying officers (see CPL 270.20[1][c]). The panelist first referred to the officer as her cousin's father, and then as her cousin's ex-husband. She said that she did not have a close relationship with the officer, but rather that they barely exchanged greetings when they saw each other at family functions. The relationship between the two was "little more than a nodding acquaintance" that was unlikely to preclude her from rendering an impartial verdict, and was no basis for per se disqualification on the ground of implied bias (People v Provenzano, 50 NY2d 420, 425 [1980]).
The People's evidence showing that the drugs recovered from defendant remained in police custody and in identifiable containers provided reasonable assurances as to their identity and unchanged condition (People v Julian, 41 NY2d 340, 342-343 [1977]; People v Miller, 209 AD2d 187, 188 [1st Dept 1994], affd 85 NY2d 962 [1995]). The absence of testimony from the chemist who initially tested the drugs went only to the weight to be accorded the evidence, not its admissibility (see People v Garces, 158 AD3d 413, 414 [1st Dept 2018], lv denied 31 NY3d 1081 [2018]; People v Adderley, 105 AD3d 505 [1st Dept 2013], lv denied 22 NY3d 1154 [2014]). Any claim that the chemist failed to take the precautionary measures generally taken to avoid contamination of the substance is speculative.
Defendant's argument that the verdict convicting him of burglary was against the weight of the evidence is unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was
a chain of circumstantial evidence having no reasonable explanation except that defendant and his codefendant were the men who committed the burglary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK