People v Jones
2026 NY Slip Op 03579
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALONZO JONES, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
386 KA 25-00421
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AMY WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Julie M. Hahn, J.), rendered January 17, 2025. The judgment convicted defendant upon a jury verdict of attempted aggravated murder, attempted aggravated assault upon a police officer or a peace officer and criminal possession of a weapon in the second degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for attempted aggravated murder under count 1 of the indictment to an indeterminate term of 30 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted aggravated murder (Penal Law
§§ 110.00, 125.26 [1] [a] [i]; [b]), attempted aggravated assault upon a police officer (§§ 110.00, 120.11), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Defendant contends that County Court erred in denying that part of his motion seeking dismissal of the indictment under CPL 30.30. In particular, defendant contends that, at the time the People filed their initial certificate of compliance (COC), they had not provided him with a video recording of the police interviewing defendant in an interrogation room, thereby rendering the COC invalid and their statement of readiness illusory. After considering the factors set forth in People v Bay (41 NY3d 200, 212 [2023]), we reject defendant's contention. It would not have been particularly obvious to the People that the video footage was missing given the format in which all of the video footage was forwarded from the sheriff's office and the volume of the discovery materials (see People v Rojas-Aponte, 242 AD3d 1537, 1540 [4th Dept 2025], lv denied 44 NY3d 1086 [2026]). Applying "a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]), we conclude that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245 (see People v Lawrence, 231 AD3d 1497, 1500-1501 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; People v Watkins, 224 AD3d 1342, 1344 [4th Dept 2024], lv denied 41 NY3d 986 [2024]).
We reject defendant's contention that the court abused its discretion in denying his request to remove the safety mechanisms from the gun during the cross-examination of the firearm examiner in order to show the ease of the trigger pull. Here, the court acted within its broad discretion in concluding that the value of the proposed demonstration by the expert did not outweigh its potential for prejudice inasmuch as the conditions surrounding the demonstration in the courtroom were not substantially similar to those on the day of defendant's arrest (see People v Caballero, 34 AD3d 690, 692 [2d Dept 2006], lv denied 8 NY3d 878 [2007]; cf. People v [*2]Kendall, 254 AD2d 809, 810 [4th Dept 1998], lv denied 92 NY2d 983 [1998]; see generally People v Acevedo, 40 NY2d 701, 704-705 [1976]). We further conclude that the court properly considered the safety of those in the courtroom when it denied the request.
Viewing the evidence in light of the elements of the crimes of attempted aggravated murder, attempted aggravated assault, and criminal possession of a weapon in the second degree under count 3 of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's intent to kill and his knowledge that he was firing his gun at a police officer (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that the procedure pursuant to which he was sentenced as a second violent felony offender (see Penal Law
§ 70.06) is unconstitutional in light of the United States Supreme Court's decision in Erlinger v United States (602 US 821 [2024]) is not properly before us because defendant failed to give the requisite notice to the Attorney General (see Executive Law § 71 [3]; see generally People v Brown, 148 AD3d 1534, 1535 [4th Dept 2017], lv denied 29 NY3d 1076 [2017]).
Upon consideration of the mitigating circumstances in this case, we agree with defendant that his sentence is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]) by reducing the sentence of imprisonment imposed for attempted aggravated murder under count 1 of the indictment to an indeterminate term of 30 years to life, which results in an aggregate sentence of imprisonment of 30 years to life.
We have considered defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court